## D. M. ELLMORE *v.* J. HUFTY, et als.

A Sheriff cannot be made responsible in damages for executing a judgment conferring a privilege on a certain object, by the seizure and sale of the object. The judgment and mandate in the suit are his authority.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *McCay & Edwards*, for plaintiff and appellee. *C. A. Taylor* and *Hunt & Bright*, for defendants.

COLE, J. This is a suit to recover from defendants damages for the alleged illegal detention of the schooner *Isaac Tunnel*, and also $3500, in the event they should fail to restore her to plaintiff. There was judgment in favor of defendants, reserving all the rights of plaintiff against *P. N. Gaulon, J. Baudrillart* and the surety on the sequestration bond, if any he have. *Gaulon* was plaintiff and *Baudrillart* defendant in the suit in which the writ of sequestration issued. Plaintiff has appealed. There is no error in the judgment. Defendants acted under a writ, issued in conformity to a judgment, decreeing a privilege on the vessel. They had no discretion, and were obliged to follow the order of court. The mere notification by plaintiff to them of his property in the vessel could not be regarded, when they had a writ, informing ᵥthem of the privilege, and commanding them to execute the same. If there were any legal grounds of opposition, plaintiff ought to have resisted the execution of the judgment by some one of the ways provided by law. The responsibility of a Sheriff, executing a judgment conferring a privilege on a certain object by its seizure and sale, is very different from that of executing an ordinary fi. fa. In the former case he has no discretion; the judgment and mandate in the writ are his authority. In the latter he is responsible for a seizure of property not belonging to the execution debtor, unless he is protected by the simulation or fault of the real owner, or some other legal justification.

It is, therefore, ordered, adjudged and decreed that the judgment be affirmed, with costs.