## No. 722.

### J. P. WHITE vs. E. A. GIVENS.

In a suit to enjoin a wrongful seizure, and to recover damages on account of it, plaintiff may prove the amount of his attorney's fees, like any other element of damage.

The fact that a debtor has other property than his homestead, or has fraudulently disposed of other property, does not affect the exemption of the homestead, if his condition brings him within the operation of the homestead law.

APPEAL from the Eleventh Judicial District Court, parish of Bienville. *Trimble, J.* Trial by jury.

*J. S. Young* and *J. C. Egan,* for plaintiff and appellee.

*L. B. Watkins,* for defendant.

The opinion of the court was delivered by

MARR, J. This is a suit to prevent, by injunction, the sale of the homestead of plaintiff, White, seized by the sheriff under execution on a judgment in favor of defendant, Givens, against White, and to recover damages for the unlawful seizure of the land and the growing crops.

Defendant, Givens, in his answer denies that the property is exempt, and he pleads other matters tending to show that White, pending the suit of Givens against him, had disposed of all his property except this tract of land, with the view to defeat the pursuit of his creditor, Givens.

The case was tried by a jury, and upon their verdict judgment was rendered in favor of White for one hundred and twenty dollars damages for the wrongful seizure, maintaining and perpetuating the injunc-

tion, and declaring the property seized to be the homestead of White and not subject to seizure and sale.

Defendant, Givens, took two bills of exception to the testimony offered on the trial, the first to the proof by White of the "value and contract price of his attorney's fees," on the ground that, in an injunction suit against the execution of a judgment, it was inadmissible to allege or prove attorney's fees in behalf of plaintiff in injunction.

The plaintiff seeks in this suit, not only to prevent the sale of his homestead, but damages for the wrongful seizure. He treats the seizure as unlawful, a trespass, a violation of the right of exemption secured to him by law. He alleges as elements of damage the fees paid his attorney, the loss of his crop, the annoyance to his family, and his loss of time occasioned by the seizure. It is proper in estimating the damages occasioned by an unlawful invasion of the rights of a plaintiff to prove the loss, including the expense which he has incurred in preventing further wrong; and the reasonable fees of an attorney may be allowed as well as any other expense occasioned to the plaintiff by the unlawful act of the defendant.

The second bill of exceptions is to proof by plaintiff, in explanation of a conversation in which he had stated that the judgment in favor of Givens was unjust. This conversation was brought out on the cross-examination, and on re-examination the witness was asked why he had stated, in that conversation, that the judgment was unjust; to which he answered that Givens owed him for four bales of cotton, which overpaid the debt, and that Givens had not given him credit for the same.

It is obvious this entire testimony was wholly irrelevant. The question of indebtedness between Givens and White had been passed upon by this court finally. It was not proper for defendant, Givens, to interrogate White touching the conversation, but, having done so, he could not with any propriety object to the statement by White, on re-examination, of the reasons which induced him to make the statement that the judgment which Givens was seeking to enforce was unjust. Of course, the object of Givens's counsel in proving the conversation was to influence the jury in favor of Givens and against White; and it was the right of White to prevent that effect by stating, as he did, the reasons which induced him to make that statement.

But all this inquiry was wholly immaterial. The real question, the only question except that of damage, was whether the property seized was exempt by law from seizure. It was not necessary, nor was it proper, for defendant to allege or to prove that White, during the pendency of the litigation, had disposed of other property. The law exempts the homestead; and whether the defendant in execution has other property or whether he has made fraudulent or fictitious sales of other property,

White vs. Givens.

it is not material for us to inquire, because the exemption is specifically of the homestead, and that can not be sold under execution whether the defendant has other property or not.

The allegations of the petition and the proof show that the property seized was the homestead of the plaintiff in injunction, White; that he had a wife and four children dependent on him for support; that the tract of land consisted of one hundred and twenty acres; that the whole was not worth two thousand dollars; that he had no other land; and that his wife had no separate property. The case contemplated by law is fully made out by the allegations and the proof; and there is no room for doubt or question that the property seized was exempt within the true intent and meaning of the act of 1865, extra session, No. 33, p. 52.

If White has disposed of his property fraudulently or by simulated titles, that property may be pursued by his judgment creditors; but no act of White, however fraudulent, touching other property can deprive him and his family of the exemption of the homestead.

It seems that Givens was determined to test the right of exemption in this case; for, as he testifies, he gave the sheriff an indemnity bond "for the sheriff to retain the seizure." The seizure was made on the ninth of August. A keeper was appointed by the sheriff; and, although White and his family were not interfered with in the occupation of the dwelling, his custody and control and his enjoyment and right of dominion were necessarily impaired, and could be exercised by him only in subordination to the authority of the sheriff and his keeper. The crops still required work and attention at the time the seizure was made, and this was permanently interrupted by the seizure.

We can not entertain any inquiry as to the policy of this exemption. It is the business of the Legislature to consider and to determine that. The validity of the homestead act is no longer an open question; and we must content ourselves with a mere reference to what we said and decided in April last, in the case of Wolf & Cerf vs. Mary L. Hardin.

The seizure in this case was unlawful. It occasioned White, besides seventy-five dollars for attorney's fees, loss and damage to his crops. The amount allowed by the jury, one hundred and twenty dollars, is not excessive, and it is not punitive. We find no cause to disturb the verdict, which is based upon the statements of the witnesses, neighbors of White, who had much better means of arriving at a correct estimate than we can have.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed with costs.