(57 South. 580.)

No. 18,566.

TOLBERT v. FREEMAN, Sheriff, et al.

(Jan. 29, 1912.)

*(Syllabus by the Court.)*

1. EXEMPTIONS (§ 43*)—PROPERTY EXEMPT—CORN FOR CURRENT YEAR.

Under article 244 of the Constitution, "the necessary quantity of corn for the current year" was exempt from seizure, and in this case 300 barrels of corn was sufficient.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 42, 43; Dec. Dig. § 43.*]

2. EXEMPTIONS (§ 43*)—PROPERTY EXEMPT—MULES.

Under the quoted article of the Constitution, two work horses were exempt from seizure, and therefore the seizing creditor was not entitled to seize the mules which the sheriff took; nor could the plaintiff be charged, as part of his homestead, with the price of a mule which he sold without the least objection.

[Ed. Note.—For other cases, see Exemptions, Dec. Dig. § 43.*]

Appeal from Eleventh Judicial District Court, Parish of Natchitoches; Samuel J. Henry, Judge.

Action by Jeff D. Tolbert against J. W. Freeman, Sheriff, and others. From a judgment for plaintiff, defendants appeal. Modified and affirmed.

Jack & Fleming and Williams, Weaver & O'Quinn Co., for appellants. Smith & Dismukes, for appellee.

BREAUX, C. J. Plaintiff brought this suit for a judgment recognizing him as the owner of property exempt under the homestead law.

Tolbert, the plaintiff, depends on farming to support himself and his wife and children, who reside with him and depend upon him. His wife has no property, neither have his children, and Tolbert has only the property protected by the beneficent homestead statute.

Williams, Weaver & O'Quinn Co., Limited, obtained, several years ago, a judgment against Tolbert, the plaintiff, for $290. A writ of fi. fa. was issued under the judgment, and cotton and seed and about 500 barrels of corn and 2 mules were seized. Tolbert enjoined the sale of the 2 mules and the corn, and claimed that they were exempt from seizure under article 244 of the Constitution. The seizing creditor enjoined, and contests on the ground that 500 barrels of corn is an excessive quantity for exemption, and also opposes the seizure because the debtor, Tolbert, had 3 mules at the date of the seizure.

[2] The pair of mules claimed under the homestead law were well matched and generally worked together; the other mule was small and of little value, as the defendant's attorney asserted.

They were in a lot together when the two were seized, and defendant's counsel pointed out the property to be seized. This is of no importance in deciding the issues, except that it shows that the seizing creditor might have avoided the annoyance of a lawsuit about a mule by seizing it; and, again, it goes to sustain the position that the creditor cannot very well avoid seizing property and afterward be heard to plead that the property which might easily have been seized must be charged up against the one who has the benefit of exemption.

This property was left to the debtor, and he availed himself of the right of the owner and sold it for a small amount. We do not understand that there was any fraud

practiced. The little animal of small value was left, and the debtor testified, that some time after the seizure, being in need of money, he sold the mule for $87.50; that he thought it was his right to sell it. The mule was left with him about the time that it must have been evident that he would avail himself of the homestead law, in order to enable him to support the family dependent upon him.

Even in case the debtor has fraudulently disposed of property, it will not affect the exemption of the homestead if his condition is within the operation of the exemption law. White v. Givens, 29 La. Ann. 571. The just cited case is directly pertinent. Again, in St. Mary Bank & Trust Co. v. Daigle, 128 La. 758, 55 South. 345, it was held the debtor can, after seizure, select the property which he claims under the homestead law.

[1] As to the 500 barrels of corn, according to Mr. P. L. Prudhomme, a planter, the number of barrels was larger than needed. In fact, all the witnesses (except plaintiff, as a witness on his own behalf) testified that the number was too large, basing their estimates upon the intended use of this corn. It follows that the necessary quantity of corn should be allowed, and that was allowed by the district court.

The judgment is amended by reducing the number of barrels of corn from 500 to 300, and, as amended, the judgment is affirmed. Appellee to pay the costs of appeal.