(74 South. 162)

No. 20857.

ABRAMSON et al. v. LARABEE.

(Jan. 15, 1917. Rehearing Denied Feb. 12, 1917.)

*(Syllabus by the Court.)*

1. HOMESTEAD ⬡➡78 — HEAD OF FAMILY — CONSTITUTIONAL PROVISIONS.

The right of the husband, as head of a family, to claim a homestead exemption to the amount of $2,000, out of the proceeds of the sale of the tract of 160 acres or less, on which the family resided, is conferred in express terms by article 244 of the Constitution, and was intended for the benefit of the husband's wife and children.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 110.]

2. HOMESTEAD ⬡➡14 — EXEMPTION — OTHER PROPERTY.

In such a case, the alleged fact that the debtor owned other property than his homestead, or had fraudulently disposed of other property, is immaterial and irrelevant to the question of homestead exemption.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 15.]

Provosty, J., dissenting.

Appeal from Eighteenth Judicial District Court, Parish of Lafayette; William Campbell, Judge.

Action by Nathan Abramson and others against Chas. G. Larabee, Chas. G. Larabee and his wife, Fannie W. Smith, interveners

and opponents. Judgment for plaintiffs, allowing defendants' homestead exemption, and plaintiffs appeal. Affirmed.

Jerome Mouton and Chas. D. Caffery, both of La Fayette, for appellants. Jerome E. Poche and George P. Lessley, both of La Fayette, and Cas Moss, of Winnfield, for appellees.

LAND, J. We make the following extracts from the brief filed in behalf of the plaintiffs and appellants:

"The issue in this case is briefly stated. Plaintiffs being the holders of a note against the defendant Charles G. Larabee, secured by mortgage, obtained judgment against him, and in due course caused the property mortgaged to be seized and advertised for sale.

"Defendant thereupon set up a homestead claim to the property, or in the event of its selling for more than $2,000, prayed to be awarded the amount to the exclusion of the seizing creditors."

"The property having brought more than $2,000, and his right to the homestead having been recognized by the lower court, this amount has been ordered paid to him by preference out of the proceeds of the sale, and plaintiffs have appealed."

"Plaintiffs do not deny that defendant was a man of family, living on the property in question, but they contend that the homestead right provided by law for an honest debtor in destitute circumstances, and not for one who illegally and fraudulently disposes of property covered by the mortgage sought to be enforced."

The only special reason urged in plaintiff's answer to the petition of intervention why the homestead claim of the interveners should not be recognized was:

"That the said exemption is one provided for the destitute, and that said interveners are in possession of means in excess of said exemption."

It is not claimed that the evidence shows that the wife of the defendant owned and was in the actual enjoyment of property or means to the amount of $2,000. Const. art. 244.

In White v. Givens, 29 La. 571, it was held that the fact that the debtor had other property than his homestead or has fraud-

ulently disposed of other property does not affect the exemption of the homestead, if his condition brings him within the operation of the homestead law.

The court in that case said, inter alia:

"The law exempts the homestead; and whether the defendant in exemption has other property or * * * has made fraudulent or fictitious sales of other property, it is not material for us to inquire, because the exemption is specifically of the homestead, and that cannot be sold under execution whether the defendant has other property or not."

"If White has disposed of his property fraudulently or by simulated titles that property may be pursued by his judgment creditors; but no act of White, however fraudulent, touching other property can deprive him and his family of the exemption of the homestead."

The case of White v. Givens was followed in Tolbert v. Freeman, 130 La. 47, 57 South. 580.

[1, 2] In this case the defendant's homestead was restricted to the amount of $2,000, out of the proceeds of the sale of the 160 acres or less on which defendant and his family resided. Const. art. 244.

Hence the disposition of other property not subject to this homestead claim cannot affect the situation.

Under said article, the benefit of the exemption is extended to the debtor, as "a head of a family" or a person having some other person or persons dependent on him or her for support; and the benefit of the exemption may be claimed by the surviving spouse, or minor child or children of a deceased beneficiary.

Const. art. 246 makes the written consent of the wife necessary to any waiver of the homestead by the husband.

Judgment affirmed.

PROVOSTY, J., distinguishes this case from those where the home itself is being claimed, and not money, and dissents.