(85 South. 68)

No. 22326.

## H. G. SMITH & SONS et al. v. SUCCESSION OF JENKINS.

(March 12, 1917. On the Merits, April 16, 1920. Rehearing Denied May 31, 1920.)

*(Syllabus by the Court.)*

1. Appeal and error ⊜⟹1106(2)—Where record is lost, cause will be remanded to supply pleadings and for a trial de novo.

Where the record is lost and a complete transcript cannot be made for that reason, the case will be remanded, so that the pleadings may be supplied in accordance with law and the case tried de novo.

On the Merits.

*(Additional Syllabus by Editorial Staff.)*

2. Homestead ⊜⟹137 — May be claimed by spouse or minor child, although widow collected insurance on husband's life.

Under Const. art. 244, par. 3, denying the homestead exemption to a husband whose wife owns and is in actual enjoyment of property or means to the amount of $2,000, and paragraph 4, declaring that the homestead exemption may be claimed by surviving spouse or minor child of a deceased beneficiary, the homestead was exempt from liability for debts of husband's succession, though the surviving wife having dependent minor children, collected as beneficiary in husband's life policy the sum of $2,500, notwithstanding Act No. 189 of 1914, as amended and re-enacted by Act No. 88 of 1916.

Monroe, C. J., dissenting.

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; Prentiss B. Carter, Judge.

Action by H. G. Smith & Sons and the Smith Hardware Company against Mrs. Lilly J. Jenkins, widow and administrator of the Succession of John L. Jenkins. From a judgment ordering the homestead sold to pay debts, defendant appeals. Motion to dismiss appeal denied, and judgment reversed.

L. C. Moise, of Covington, for appellants Mrs. John L. Jenkins and others.

Harvey E. Ellis and Benjamin M. Miller, both of Covington, for appellees.

SOMMERVILLE, J. The transcript in this case is most defective, and it is made in entire disregard of the rules of this court. It does not contain a copy of the docket entries showing the pleadings filed or that testimony was heard and filed.

The transcript only contains copies of some of the minutes of the district court, the opinion and the judgment of court, motion for new trial, appeal bond, and a rule taken by defendant upon the clerk alleging that the record of the cause could not be found, and asking that he show cause why the record should not be produced. The clerk accepted service of the rule, but the record does not show that the rule was ever tried.

The appeal was made returnable to this court on December 30, 1916. Prior to that time defendant applied for and obtained an extension of time to January 30, 1917, on the ground that after diligent search the record was missing and could not be found.

A second extension was applied for on the same ground, and it was granted to April 23, 1917.

Defendant administratrix now alleges that the record is still missing, and that the transcript she has filed is incomplete, and that she cannot bring up a complete transcript through no fault of hers; and she asks that the case be remanded and that she be granted a new trial.

[1] To this motion is attached the affidavit of counsel for defendant declaring:

"That the stenographer who took the testimony has since died, and his original notes cannot be found by the clerk of court or his deputies, and that they cannot find the record, except what they have made in their present transcript; that .the testimony was originally written out, but that same has been lost, together with the record, and that the same was lost without any fault or negligence on the part of the defendant and appellant herein."

Counsel certifies that a copy of his motion to remand was served upon counsel for plaintiffs. The latter have not made an appearance in this court.

Act No. 57 of the Acts of 1886, p. 92, provides for the restoration of original and other papers appertaining to a suit pending in any district court of the state which had been or might thereafter be destroyed by the burning of the courthouse, "or destroyed in any other manner."

Defendant does not make it clear that the record was lost while the case was pending in the district court, and the transcript does not show that the stenographic report of the testimony was ever filed.

If the clerk had attended to his duty and had seen that the ·notes were made in duplicate and that the copy had been preserved, this particular difficulty of supplying the copy would not have arisen. And we do not see how a copy of these notes, under the existing circumstances of this ·case, could have been supplied under Act 57 of 1886, p. 92.

In Dauchite Lumber Co. v. Lane & Bodley Co., 52 La. Ann. 1937, 28 South. 232, the court remanded the case for a new trial where the record had been lost, and the transcript was defective for that reason. The same will be done in this case.

It is ordered that the clerk of the district court in and for the parish of St. Tammany be directed to make further diligent and exhaustive search and inquiry for the lost testimony and missing papers in this cause; that the search be continued through 30 days from the notification of this order to him; and that he report the result of the same to the district judge.

It is further ordered, etc., that if the missing testimony and documents be found the same, under proper certification, be forwarded here as a supplemental transcript in this case.

It is further ordered, etc., that if at the end of said limit of 30 days the missing testimony and documents be not found—the same to be shown by the certificate of the clerk made to the judge—the judgment appealed from be held avoided and the case be considered remanded to the court a qua to be tried de novo, and be proceeded with as in case of new trial granted.

It is further ordered, etc., that the costs of this appeal be paid by the party ultimately cast in this litigation.

### On the Merits.

O'NIELL, J. The defendant, widow of John L. Jenkins and administratrix of his succession, appeals from a judgment ordering the homestead sold to pay debts of the succession.

Plaintiffs are creditors of the deceased, their claims having been recognized as ordinary debts of the matrimonial community that existed between the defendant and the deceased. There are six minor children of the marriage, all without any other property than their half interest in the homestead, and all dependent upon their mother for support. The homestead is worth less than $2,000 and was exempt from seizure and sale, under article 244 of the Constitution, during the lifetime of John L. Jenkins, because Mrs. Jenkins then had no means or property in her name. The only reason why the homestead has been adjudged not exempt from liability for the debts of the succession is that Mrs. Jenkins collected, as the beneficiary named ·in

policies of insurance on the life of her husband, $2,500.

[2] We gather from the briefs that the judgment appealed from is based upon the proviso in the third paragraph of article 244 of the Constitution that the homestead exemption shall not be allowed in favor of a husband whose wife owns and is in the actual enjoyment of property or means to the amount of $2,000. The fourth paragraph of the article declares that the benefit of the homestead exemption may be claimed by the surviving spouse or minor child or children of a deceased beneficiary.

The provision in the third paragraph of the article does not deprive the defendants, widow and children, of the right to claim the exemption in their capacities, respectively, as surviving spouse and minor children of the deceased beneficiary. His wife did not own or have actual enjoyment of property or means to the amount of $2,500 when he was the beneficiary of the homestead exemption. On the other hand, there is nothing in the Constitution to deprive the widow of the benefit of the exemption in her own right, being now the head of a family and having other persons dependent upon her for support. We have no authority to rewrite or transpose the constitutional provision, which merely denies the exemption to a husband whose wife owns and enjoys property or means to the amount of $2,000, so as to deprive of the exemption a widow who has more than $2,000 in cash.

If the statute that exempts the proceeds or avails (and dividends) of life insurance from liability for any debt (the Act No. 189 of 1914, as amended and re-enacted by Act No. 88 of 1916, p. 206) is at all pertinent to this case, it merely emphasizes that the policy of the law is extremely favorable to the protection of widows and children from being impoverished by debts which they did not contract.

Under the precise language of the Constitution, the widow and minor children in this case are entitled to the homestead exemption.

This suit is not analogous to a case where a widow or minor child in necessitous circumstances claims $1,000 from the succession of the deceased husband or father, under article 3252 of the Civil Code (sections 2369, 2885 and 3686 of the Revised Statutes). In such case the law expressly excludes a widow or child who possesses in her or his own right property to the amount of $1,000. Although the misnomer "homestead exemption" has been frequently applied to the $1,000 allowed a destitute widow or minor child, there is no reason for a confusion of those separate and distinct rights.

It has been decided by this court that a debtor's having other property, or having fraudently disposed of other property, does not deprive him of the homestead exemption. See Abramson v. Larabee, 140 La. 825, 74 South. 162; White v. Givens, 29 La. Ann. 571. Whether it would have been good policy for article 244 of the Constitution to contain the proviso that a debtor should not be allowed the homestead exemption if he owns other property worth $2,000 exempt from seizure or beyond the reach of his creditors is not for us to say. The Constitution does not contain such proviso, and we have no authority to supply it.

The judgment appealed from is annulled, and it is now ordered, adjudged and decreed that the homestead of the defendants, widow and minor children of the deceased John L. Jenkins, is exempt from seizure and sale or liability for the debts due to plaintiffs; and the latters' demand for a sale of the property is therefore denied and rejected at their cost.

MONROE, C. J., dissents.

See concurring opinion of PROVOSTY, J., 85 South. 70.