'(101 South. 126)

No. 25894.

## COMMERCIAL BANK OF ARCADIA v. SIMMONS.

(March 24, 1924. Rehearing Denied by the Whole Court June 6, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Homestead** �køⁿⁿ14—**Petition praying exemption need not allege lack of ownership of other property or means.**

Under Const. 1921, art. 11, § 1, par. 3, and Const. 1913, art. 244, par. 3, failure of petition praying homestead exemption to allege that defendant did not own any other property, or have other means, *held* not to render it subject to exception of no cause or right of action.

On Application for Rehearing.

2. **Appeal and error** ⊗≈1111—**Supreme Court's judgment purporting to affirm judgment, appeal from which was returnable to Court of Appeal, erroneous.**

On plaintiff's appeal to Supreme Court from judgment in favor of defendant, where an appeal from judgment for intervener in same action was made returnable to Court of Appeal, judgment of Supreme Court, purporting to affirm the judgment in favor of such intervener, was erroneous.

Appeal from Third Judicial District Court, Parish of Bienville; J. E. Reynolds, Judge.

Action by the Commercial Bank of Arcadia against W. W. Simmons, wherein J. M. Bryan became third opponent. Judgment for defendant and third opponent. Plaintiff appeals. Affirmed.

J. Rush Wimberly, of Arcadia, for appellant.

R. L. Williams, of Arcadia, for appellee Simmons.

F. R. Taylor, of Arcadia, for appellee Bryan.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

O'NIELL, C. J. [1] This is an appeal from a judgment recognizing the defendant's right to a homestead exemption. The appellant, Commercial Bank, pleaded in the district court that the defendant's petition praying for the homestead exemption did not disclose a right to the exemption, because it was not alleged that the defendant did not own any other property or have other means. It is conceded that, in other respects, the petition did disclose that the claimant of the homestead exemption was entitled to it. The only question in the case, therefore, is whether the judge ruled right in overruling the exception of no cause or right of action.

There is nothing in article 11 of the Constitution, allowing homestead exemptions, that requires that the value of other property owned by the head of the family shall be deducted from his homestead exemption. The only requirement in that respect is that, from the benefit of a homestead exemption allowed to a married man, there shall be deducted the value of property or means owned and enjoyed by his wife. See third paragraph of first section of article 11. In the Constitution of 1898 and of 1913, the stipulation was that a married man should not have the benefit of a homestead exemption if his wife owned and enjoyed property or means to the amount of $2,000. See third paragraph of article 244.

Referring to that paragraph in article 244 of the Constitution of 1913, in the case of H. G. Smith & Sons v. Succession of Jenkins, 147 La. 437, 85 South. 68, it was said:

"We have no authority to rewrite or transpose the constitutional provision, which merely denies the exemption to a husband whose wife owns and enjoys property or means to the amount of $2,000, so as to deprive of the exemption a widow who has more than $2,000 in cash. * * *

"It has been decided by this court that a debtor's having other property, or having fraudulently disposed of other property, does not deprive him of the homestead exemption. See Abramson v. Larabee, 140 La. 825, 74 South. 162; White v. Givens, 29 La. Ann. 571. Whether it would have been good policy for

article 244 of the Constitution to contain the proviso that a debtor should not be allowed the homestead exemption if he owns other property worth $2,000 exempt from seizure or beyond the reach of his creditors is not for us to say. The Constitution does not contain such proviso, and we have no authority to supply it."

Under the authority quoted, the ruling on the exception of no cause of action was correct.

It appears from the record that the bank appealed also from a judgment rendered in favor of a third opponent, J. M. Bryan, recognizing a chattel mortgage in his favor on four mules and a mare, which were seized as the property of the defendant, Simmons, to satisfy a judgment in favor of the bank. The attorney for the bank did not argue the case or file a brief. Neither did Bryan's attorney argue the case or file a brief. We do not find any error in the judgment rendered in favor of Bryan.

The judgments appealed from are affirmed at appellant's cost.

On Application for Rehearing.

By the WHOLE COURT.

PER CURIAM. [2] In the application of the plaintiff bank for a rehearing, our attention is called to the fact that the appeal that was taken from the judgment rendered in favor of the intervener or third opponent, J. M. Bryan, recognizing a chattel mortgage in his favor on four mules and a mare, was made returnable to the Court of Appeal. We were therefore in error in that part of our decree which purports to affirm the judgment in favor of the intervener or third opponent.

We do not find any error in our judgment affirming the judgment recognizing the homestead exemption in favor of the defendant, W. W. Simmons.

The decree of this court is amended so as to read:

The judgment appealed from, recognizing the homestead exemption in favor of the defendant, W. W. Simmons, is affirmed, at appellant's cost. The petition for a rehearing is denied.