## No. 2358

### Second Circuit

---

## SHREVEPORT NATATORIUM & AMUSEMENT COMPANY, INC. v. WATERMAN

---

(November 10, 1927. Opinion and Decree.)

---

(*Syllabus by the Court*)

**1. Louisiana Digest—Courts—Par. 52.**
Rule II of this court provides: "In preparing the record for appeal to this court, clerks of the district courts shall bind or fasten the pleadings, evidence and all documents filed in the case, except such documents and articles as cannot be conveniently so bound, in book form, fastened together at the side or top of the pages, and covered with cardboard or other suitable material, numbering and listing all the pleadings, evidence and documents filed in the case, together with a certified copy of the minutes of the court in the case, and with a certificate of the clerk, under his seal

of office, that the record as thus made up is true and correct. The record and clerk's certificate shall be sent to the clerk of this court, at the city of Shreveport, Louisiana, in time to be filed in this court before the delay for its return expires. *It shall be the duty of the clerk of this court to refuse to receive, file, or docket in this court, any record not made up in accordance with the foregoing rule.*" (Italics ours.)

**2. Louisiana Digest—Appeal—Par. 745, 747.**
Where, after a record on appeal has been properly made up and filed in this court it is withdrawn and used in evidence in the district court in a case on trial there and while there is inadvertently disorganized and is no longer in the condition required by Rule II of this court, the case will be remanded to the district court to be reformed into the condition required by the rule of this court.
Smith vs. Jenkins, 147 La. 437, 85 South. 68.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo.

Action by Shreveport Natatorium & Amusement Company, Inc., against A. C. Waterman.

There was judgment for plaintiff and defendant appealed.

Judgment annulled and case remanded for trial de novo.

Wilkinson, Lewis & Wilkinson, of Shreveport, attorneys for plaintiff, appellee.

Dickson & Deny, of Shreveport, attorneys for defendant, appellant.

REYNOLDS, J. This case was duly submitted for decision. The record on appeal was made up in accordance with the requirements of the rule of this court and timely lodged here, but thereafter it was withdrawn from the files of this court and used as evidence in the district court in a case on trial there and while there

was inadvertently disorganized and is no longer in the condition prescribed by Rule II of this court.

Defendant, appellant, asks that the judgment be annulled and the case remanded to the District Court for new trial, because of the disorganized condition of the record, and plaintiff, appellee, resists the granting of the request.

Rule II of the rules of this court provides:

"In preparing the record for appeal to this court, clerks of the District Court shall bind or fasten the pleadings, evidence and all documents filed in the case, except such documents and articles as cannot be conveniently so bound, in book form, fastened together at the side or top of the pages, and covered with cardboard or other suitable material, numbering and listing all the pleadings, evidence and documents filed in the case, together with a certified copy of the minutes of the court in the case, and with a certificate of the clerk, under his seal of office, that the record as thus made up is true and correct. The record and clerk's certificate shall be sent to the clerk of this court, at the city of Shreveport, Louisiana, in time to be filed in this court before the delay for its return expires. *It shall be the duty of the clerk of this court to refuse to receive, file or docket in this court, any record not made up in accordance with the foregoing rule.*" (Italics ours.)

In the case of Smith vs. Jenkins, 147 La. 437, 85 South. 68, the Supreme Court, in dealing with a somewhat similar condition of things, said:

"Where the record is lost and a complete transcript cannot be made for that reason, the case will be remanded so that the pleadings may be supplied in accordance with the law and the case tried *de novo*."

And we think that the course ordered to be followed there should be ordered to be pursued here.

It is therefore ordered that this case be remanded to the district court and that the record be reconstituted in accordance with Rule II of this court and delivered to the clerk of this court on or before December 1, 1927, and, in default thereof, that the judgment appealed from be annulled and the case remanded for trial *de novo*.