The transcript discloses that David Gow died intestate on April 26, 1925, leaving a surviving widow and two daughters, feme soles, and an estate consisting of personal and real property. The succession was hopelessly insolvent. An administration was applied for and Robert C. Gow and Miss Grace Inez Gow were appointed and qualified as the administrators.
Only such parts of the succession proceedings as relate to the final account filed by the administrators, the opposition thereto, and the judgment thereon, are included in the transcript before us.
The final account of the administrators recognized the homestead claim of Mrs. Martha E. Gow, the surviving spouse of the deceased, and this item of the account was successfully opposed, in the court below, by Wayne Thompson, the Crowley Trust Savings Bank, in liquidation, Angus Gaines, and the Hesse Envelope Company, the appellees herein. From this judgment Mrs. Martha E. Gow appealed.
It is shown that the two daughters of the deceased, Misses Grace and Ruby Gow, after the death of their father, continued to live with their mother, and although both are majors and are mentally and physically *Page 911 
sound, and are educated and refined ladies, they have no means whatever, and have looked to their mother alone for a home and support. Mrs. Gow and her daughters continued to occupy the family residence on decedent's farm, after his death, and remained there until the property was sold in the succession proceedings. It does not appear whether or not Mrs. Gow has property of her own. Such a showing, however, is not necessary, for a surviving widow need not show that she has no means or property as a condition precedent to the assertion of her claim to the homestead. H.G. Smith Sons v. Succession of Jenkins,147 La. 437-441, 85 So. 68.
We find that, until the jurisprudence of this state is modified, the benefit of the homestead exemption cannot be claimed by the surviving spouse unless she is the head of a family, or has a mother or father or a person or persons dependent upon her for support. The individual view of the writer of this opinion is that the Constitution makes no distinction between the surviving spouse and the minor child or children of a deceased beneficiary, with respect to their right to claim the homestead, but the court has interpreted that provision of the Constitution otherwise, and therefore, until the court has reached a different conclusion, the present jurisprudence must be followed.
The questions presented are, Is Mrs. Martha E. Gow the head of a family within the meaning of section 1 of article 11 of the Constitution of 1921, or, if not, has she dependents, within the meaning of that section? The pertinent part of the section is as follows:
"There shall be exempt from seizure and sale by any process whatever except as herein provided, and without registration, the homestead, bona fide, owned by the debtor and occupied by him, * * * of every *Page 912 
head of a family, or person having a mother or father or a person or persons dependent on him or her for support. * * * The benefit of this exemption may be claimed by the surviving spouse, or minor child or children, of a deceased beneficiary."
Mrs. Gow's family consists of herself and her two major daughters. They are a collective body of persons who live in one house, of which Mrs. Gow is the head and manager. Their relations are of a permanent and domestic character, and it is proven that the two daughters own nothing in their own right, that they were taught to be, and have always been, dependent upon their parents for everything. Under these circumstances, whether or not Misses Grace and Ruby Gow were dependents of their mother in the sense that they had a legally enforceable right against her for support, they were none the less members of her family, with no funds, and no other home, and hence Mrs. Gow was under the natural and moral obligation the parent owes its child, so situated, to support them.
In determining whether a person is the head of a family, the extent to which contributions are made to dependents need not be considered. Ruling Case Law, vol. 13, p. 554. In the case of Garner v. Freeman, 118 La. 184, 42 So. 767, 118 Am. St. Rep. 361, this court, at page 189 (42 So. 769) of the opinion, said:
"Art. 244 [Const. 1898] makes a distinction between the `head of a family' and a `person having a father or mother or a person or persons dependent on him or her for support.' The two classes are different. The head of a family is entitled to the exemption, it matters not how much or little he contributes to the support of his wife and children."
In Corp. Jur. vol. 29, p. 799, under the caption "Sufficiency of natural or moral obligation," it is said:
"In a few cases it has been held, or said, *Page 913 
that there must be a legal obligation to support on the part of a person to constitute him the head of a family, as in the case of the relation of husband and wife or parent and child; but the weight of authority is in favor of the rule that a mere moral or natural obligation to support and a condition of dependency and actual support are sufficient."
In this case the proven facts leave no room to doubt that Mrs. Gow was under a natural and moral obligation to support her daughters, that a condition of dependency existed, and that she did actually support them. She therefore comes within the accepted definition of "the head of a family." Counsel for appellees relies upon Whyte v. Grant, 142 La. 822, 77 So. 643. In that case the widow of the deceased kept a boarding house. She claimed the homestead upon the ground that she was the head of a family and had a son dependent upon her for support. The court found, as a fact, that she was not the head of a family because her alleged dependent son was 29 years old; that he was earning about $60 a month; that he boarded at his mother's boarding house; and that he not only paid her for his board, but he sometimes contributed additional sums to her support. In that case the boot seems to have been on the son's rather than the mother's foot, and the court therefore dismissed her claim. But that case might well have been cited in support of the appellant's claim in this case, for the opinion rendered therein concludes as follows:
"The opinion generally accepted is that, to be the head of a family, one must either have a responsibility (i.e., at least a natural or moral obligation) to support another person, or have parental authority over another member of the family. 18 Cyc. 1397; 12 Am. Eng. Encl. of Law, p. 90 et seq.; and 15 Am. 
Eng. of Law, p. 539, et seq." *Page 914 
Finding that the appellant is the head of a family, within the accepted definition of that term by the great weight of authority, and applying the jurisprudence of this state to that finding of fact, appellant, as the surviving spouse of her deceased husband, is entitled to the benefit of the homestead claimed, and the judgment appealed from must therefore be reversed.
For these reasons it is decreed that the judgment sustaining the opposition of the appellees to the item on the administrators' account recognizing the homestead exemption of $2,000 in favor of Martha E. Gow be, and it is hereby, avoided and reversed. It is further decreed that the appellees' opposition to the administrators' account be rejected, that the homestead claim of appellant be allowed, and that appellees pay the cost of this appeal.
OVERTON, J., concurs in opinion and decree, but not in dictum concerning what is jurisprudence as to survival of homestead in favor of widow. In short, the individual view of the writer of opinion is correct.
O'NIELL, C.J., and ST. PAUL, J., concur in the decree.