No. 3532

Second Circuit
(Second Division)

---

WILLIS v. EZERNACK
(Oscar Laroux, Intervener and Third Opponent.)

---

(June 11, 1931. Opinion and Decree.)

---

Frazer & Carroll, of Many, attorneys for plaintiff, appellant.

Boone & Boone, of Many, attorneys for intervener and third opponent.

TALIAFERRO, J. On October 31, 1928, plaintiff instituted suit in the district court of Sabine parish against Jim Ezernack on open account for $60.40, coupling therewith a prayer for issuance of writ of attachment on the grounds that defendant had mortgaged, assigned, or disposed of, or was about to mortgage, assign, or dispose of, his property, rights, or credits, or some part thereof, with intent to defraud his creditors, or give an unfair preference to some of them; or that he had converted, or was about to convert, his property into money or evidences of debt with intent to

place it beyond the reach of his creditors. A writ of attachment issued under which the sheriff on November 5th seized the Ford roadster involved in this suit, while in the possession of the intervener. The attached car was immediately released to Laroux, who, after seizure of car under fi. fa., intervened in the case, on what is referred to as an attachment release bond. However, no written application appears to have been made to bond the attachment, and no order fixing bond therefor is in the record. The form of the bond is in the language of release bond of defendant. It is not a forthcoming bond.

Ezernack made no appearance in the suit, and judgment against him was confirmed on default, recognizing the attachment and the lien and privilege resulting from the levy thereunder. In due time a fi. fa. issued on this judgment, and the Ford roadster was seized thereunder by the sheriff. The car had remained in Laroux's possession since he "bonded" the attachment.

Laroux executed and delivered to the sheriff an affidavit declaring his ownership of the seized car and in detail the transaction culminating in its acquisition by him. In this affidavit it is set forth that Ezernack has no interest in the seized car, and that same is not responsible for his debts, that affiant is being damaged, and has already been damaged, on account of the illegal seizure of his property, and that the affidavit was made "in order that the sheriff may release said car or have plaintiff indemnify him for such damages as affiant shall sustain if said car is not released from said seizure." The car was seized December 17th, and this affidavit was executed the following day.

The record does not disclose the fact, but it is said in brief of counsel that plaintiff provided the sheriff with bond of indemnity to protect him against exposure to damages on account of the illegal seizure of said car, and hence the car was not released from seizure.

Laroux, after the above-mentioned happenings, filed petition of intervention and third opposition, wherein he re-asserted ownership in himself of the seized roadster by purchase from Ezernack on November 1, 1928, for $194.40, of which amount $69.40 was paid in cash, and the balance was evidenced by his note payable in five equal monthly installments, secured by chattel mortgage on the car; that the car was delivered to him at time of purchase, and has remained in his possession since that time, except when under seizure; that he purchased the car in good faith, not knowing of the indebtedness due plaintiff by Ezernack. Intervener sued out a rule against the sheriff and plaintiff to show cause why a preliminary injunction should not issue restraining them from proceeding with the sale of the embattled roadster. This rule was made absolute, and the injunction issued as prayed for.

Intervener asked for damages against plaintiff as follows: Attorney's fees, $50; for loss of time in coming to court and returning home, $50, solely on account of said illegal seizure of his property; and for $1 a day for the time, since December 17th until the car shall be delivered back to him, for loss of use of his car.

Plaintiff interposed exception of no cause of action to the petition of intervention, and also filed a plea of res adjudicata. These were both referred to the merits. The court minutes do not make further reference to them, and, as the judgment appealed from does not make mention of

either, we assume neither was directly passed on by the trial judge.

The answer of plaintiff to the intervention is a general denial, except the allegations in respect to the seizing of the roadster under attachment and fi. fa., and release thereof to intervener on bond, which are admitted.

There is no allegation of fraud or collusion against the acts of intervener or Ezernack with regard to the sale and purchase of the car in question in plaintiff's answer.

There was judgment of the lower court perpetuating the injunction sued out and decreeing intervener to be the owner of the seized car and entitled to the possession of same. There was further judgment in favor of intervener and against plaintiff for $50 damages as attorney's fees in the case; for $10 damages for loss of time and expenses on account of said illegal seizure, and 50 cents a day or $18 damages for the loss of the use of said roadster to date of judgment, and "fifty cents per day from and after this date (date of judgment) as damages for the loss of use of said roadster until such time as same is restored to the possession of the said Oscar Laroux, the owner, together with 5% per annum interest on the $78.00 damages allowed by this judgment, from date hereof until paid." Plaintiff has appealed.

All the parties to this suit live in Zwolle, Sabine parish. It appears that intervener first discussed purchasing the roadster with defendant about October 21, 1928, and had a mechanic inspect the car to advise him whether it was worth the price asked; that the trade was not closed then because defendant was working on the highway and needed the use of the car for a few more days; that the Robertson Motor Company, of Mansfield, held a vendor's lien and privilege against the car amounting to $69.40, and that the parties closed their trade at that place, before a notary public, on November 1st, the cash payment of $69.40 being paid to said company to discharge the lien resting against the roadster. It is also shown that Ezernack, on October 31st, received knowledge of the filing by plaintiff of suit against him and the issuance of the writ of attachment, and no doubt this information induced him to a speedy closing of the sale to intervener. The process of the court was placed in the sheriff's hands on October 31st, but the car could not be found for seizure until November 5th. There is considerable evidence and many circumstances strongly indicative of willful intent on part of defendant to conceal the car from the sheriff's pursuit until he had disposed of it, but there is no evidence in the record to connect intervener with these acts, nor to place upon him knowledge of these circumstances existing at the time of, and immediately prior to, his purchase. He is not charged with bad faith, fraud, or collusion. The car was in his possession when attached and when seized under the fieri facias, some seven weeks after the attachment. He informed the deputy sheriff who executed the attachment that the car was his and had been paid for by him.

We have given careful attention to the earnest brief filed on behalf of the plaintiff wherein many conclusions are drawn from the evidence and argued with sincerity, which impugn the honesty of purpose and good faith of Ezernack, after learning of plaintiff's suit against him, and there is much in the record to corroborate such charges, but, in the absence of guilty knowledge on part of intervener, he

should not be made to suffer for Ezernack's wrongdoing.

In the brief of intervener, it is stated that the seized car was restored to him immediately after rendition of the judgment recognizing his ownership of it. This being true, the quantum of damages is admittedly restricted to the allowance of attorney's fees, $10 for expenses and loss of time, and $18 as damages for loss of use and possession of the car from December 17 to January 23, date of judgment. Appellee has not asked for amendment of judgment on appeal.

It is contended by plaintiff that, inasmuch as the sheriff was not responsible in damages for the execution of the fi. fa., against the property seized under the attachment, the lien resulting from which was recognized by the judgment against defendant, neither can plaintiff in execution be condemned therefor. It is true under such circumstances the sheriff cannot be held for damages (Ellmore v. Hufty, 13 La. Ann. 227), but it does not necessarily follow that the same rule applies to the seizing creditor, and, especially so, when he persists in the seizure, after being apprised of the rights of claimant of the seized property, and provides an indemnity bond to the sheriff to prevent a release of the property from seizure.

Attorney's fees incurred in suing out injunction to prevent sale of property wrongfully seized are recoverable as an element of damages. White v. Givens, 29 La. Ann. 571.

The allowance of damages by the lower court appears to be conservative, and will not be disturbed.

For the reasons herein assigned, the judgment appealed from is affirmed, with costs.