161 So. 18

## SUCCESSION OF HARPER.

No. 33096.

April 1, 1935.

Elmer L. Stewart, of De Ridder, for appellant.

Kay & Kay, of De Ridder, for appellee.

O'NIELL, Chief Justice.

The fund to be distributed in this succession is less than $2,000. The appeal is from a judgment approving the administrator's account. The appellant is the widow, claiming that, being in necessitous circumstances, she is a creditor of the succession of her deceased husband, to the extent of $1,000, under the provisions of article 3252 of the Civil Code. The article allows the widow or minor children when left in necessitous circumstances to receive from the succession of the deceased husband or father a sum which, when added to the value of the property owned by them or either of them, will make up the sum of $1,000, and which shall be paid in preference to all other debts, except a debt secured by a vendor's lien or conventional mortgage, or a debt incurred in selling the property.

Ordinarily, the appellate jurisdiction of this court in civil suits is limited to cases where the amount or value in dispute or the fund to be distributed exceeds $2,000, exclusive of interest. According to that test this case belongs in the Court of Appeal for the First Circuit. It may be that the appeal was brought to the Supreme Court because of the provision in section 10 of article 7 of the Constitution: "Its appellate jurisdiction shall also extend to all cases involving homestead exemptions irrespective of the amount involved." We make that suggestion because the privilege granted to widows and minor children in necessitous circumstances, by article 3252 of the Civil Code, is sometimes referred to as the widow's "homestead," or "homestead privilege," as in the syllabus of the opinion in Succession of Robertson, 28 La. Ann. 832. But the privilege granted to

widows and minor children in necessitous circumstances by article 3252 of the Civil Code (and by sections 2369, 2885 and 3686 of the Revised Statutes) is not a "homestead exemption" in any sense. The homestead exemption which is referred to in the provision of the Constitution extending the appellate jurisdiction of this court "to all cases involving homestead exemptions" is the exemption which is granted by section 1 of article 11 of the Constitution, to every head of a family, or person having some one dependent upon him or her for support. In H. G. Smith & Sons v. Succession of Jenkins, 147 La. 437, 442, 85 So. 68, 69, the court had occasion to observe the distinction, and said: "Although the misnomer 'homestead exemption' has been frequently applied to the $1,000 allowed a destitute widow or minor child, there is no reason for a confusion of those separate and distinct rights."

This case is ordered transferred to the Court of Appeal, First Circuit, on appellant's filing the record in that court within thirty days from the day on which this decree shall become final; otherwise the appeal shall stand dismissed.