The opinion of the court was delivered by
Breaux, J.
The exemption claimed by the rplaintiff existed prior to the Constitution of 1879, under the law of 1865.
To retain the right of homestead (under the provisions of the latter) the former required dedication as a homestead by the owner, by a public notice in conformity with statutory direction.
The record shows that the plaintiff complied with the condition precedent, to the right to claim exemption, by recording his declaration.
The defendants challenge .the correctness of the declaration, to the extent only that the plaintiff claimed to have been the head of a family and that he had some one dependent upon him for support. This case has been twice before us on appeal. Hebert vs. Mayer, •47 An. 563. The question is now limited to whether there was any ■one dependent for support upon the plaintiff within the intendment •of the law securing exemption? The ownership and occupancy of the property by the debtor are not questioned. The claim is that ¡he, the debtor, was not the head of a family and had no one dependent upon him for support.
*939 The relations between plaintiff and his wife, colored, date from the last days of slavery in this State. He is a negro. He testifies that children were born to them prior to their marriage in 1869, and several since. His first wife died many years ago. He reared the children. They stayed with him until their marriage, and they were •dependent upon him for support.
One of the offspring died, leaving a son. He was taken to the house of the plaintiff, his grandfather, and he also was reared to manhood on the property claimed as a homestead.
The plaintiff was married a second time, in 1892. To the date of this marriage there may have .been gaps in the dependence of the children and grandchild. The evidence upon this point is somewhat conflicting. Its weight sustains the claim of support, at all times. Granted, that there were short periods of time in the many intervening years during which the dependence of a member of the family was not shown to have .been direct, the exemption is not thereby lost. If, considered as a whole, the head of a family has reared a family who were dependent upon him for support, the exemption remains, if as in this case there were dependent members ■of the family on the day of the seizure of the property by the creditor and the dependence has every appearance of having been continuous from the first.
Here, at the time the debt was created, the plaintiff was a married man and the head of a dependent family.
Whil} it is true that the debtor must be the head of the family or have some one dependentuponhimfor support — one to whom he owes ■support as a moral duty, the law in its humanity does not seem to contemplate that the homestead exemption shall cease immediately after the death of the dependent member of the family, or shall cease because a dependent member of the family has become old enough to earn something toward the support of himself and the parent; by whom he hás been reared.
The exception of the homestead rests upon the theory that the obligation to support the person to whom support is due is a higher obligation on the part of the debtor than the payment of his debts. It is of such a high character that it must have a continuing effect for a short time, at least, after the head of the family no longer has some one to support.
The purpose, evidently, was to secure a “Home” beyond the *940 reach of financial misfortune, around which gather the affections of the family; the greatest incentive to virtue, honor and industry.
Entertaining this view of the purpose of the statutes, if. the propositions advanced by the defendants were supported, as contended, by the evidence, the plaintiff would none the less have a right to the exemption he claims.
• The evidence supports the good faith of the plaintiff. We mean by good faith that nothing shows that members were brought within the household for the purpose of avoiding the payment of his debts. The design manifestly is that the debtor shall not obtain credit as owner of property subject to execution and afterward withdraw it by converting it into a homestead. This does not seem, at any time, to have been plaintiff’s purpose.
The judge who tried the facts in the first instance found that plaintiff was entitled to the exemption. We agree with his finding.
It is therefore ordered and decreed that the judgment appealed from is affirmed, at appellants’ costs.