O’NIELL, J.
The sheriff seized the homestead of Mrs. S. N. Whyte and advertised the property for sale to ' satisfy a judgment against her. She obtained a writ of injunction, preventing the sale, on the grounds, first, that the description by which the property was advertised, to be sold was not sufficient to identify it; and, second, that she, the plaintiff in the injunction suit, was the head of a family, being a widow with a son residing with her and depending upon her for support, and that her homestead was therefore exempt from seizure and sale. Judg *823 ment was rendered in favor of the defendants, dissolving the writ of injunction and condemning the plaintiff to pay $25 damages for attorney’s fees. The plaintiff has appealed, and the defendants, answering the appeal, pray that the judgment be amended by increasing the amount of damages allowed.
The appellant has abandoned her contention that the description under which her homestead was advertised for sale by the sheriff was not sufficient to identify the property seized.
It is admitted that the property seized is the plaintiff’s homestead. She has no other property, nor other income than what she can earn by conducting a boarding house. She is a widow with no one dependent upon her for support. I-Ier son is 29 years of age and earns about $60 a month. 1-Ie lives in his mother’s house, pays her for his board, and sometimes contributes additionally to her support. She has not had to contribute to his support since he was of age.
The only question to be decided is whether the plaintiff is the head of a family, within the meaning of article 244 of the Constitution, exempting from seizure and sale the homestead “of every head of a family, or person having a mother or father, or a person or persons dependent on him or her for support.”
The argument of the learned counsel for the plaintiff is that, although she has no one dependent upon her for support, she is nevertheless the head of the family, composed of herself and her son.
The homestead exemption, as originally established by the Act No. 33 of the Extra Session of 1865, p. 52 (C. P. art. 645; R. S. § 1691), extended only to “the debtor, having a family or mother, or father, or person or persons, dependent on him for support.” It was in the adoption of the Constitution of 1S79, in article 219, that the language was changed so as to extend the exemption to “every head of a family, or person having a mother or father, or person or persons dependent on him or her for support,” and that language has been retained in article 244 of the Constitution of 1898 and in that of 1913.
Although our opinion has been that the homestead exemption applied only to a homestead owned by a person having another person or other persons dependent upon him or her for support, we cannot imagine what could have been the purpose of changing the language of the law so as to include expressly “every head of a family,” unless it was thought by the framers of the Constitution that one might be the head of a family of which no member depended upon the head for support. And we can well imagine such a case. For example, the father, or widowed mother, of a family of minor children possessed of a fortune, would be, in a sense, the head of the family, even though no one was dependent upon him or her for support; and his or her homestead might be held exempt from seizure and sale, under the strict letter of article 244 of the Constitution.
But we do not consider the plaintiff in this case, in any sense, the head of the family composed of herself and her major, self-supporting son. Both members of the family may regard her as the head of the family, but the law does not. She has neither responsibility nor parental authority over the only other member of the family. To hold that she is the head of that family, inerely because, perhaps, she and her son so regard her, would be putting as strained a construction upon the language of the law as if we should hold that she is entitled to the homestead exemption because she is depending upon herself for support; for the law does not expressly grant the homestead exemption to one having another person dependent on him or her for support, although that is surely what it means. The opinion *825 generally accepted Is that, to be the head of Á family, one must either have a responsibility (i. e., at least a natural or moral obligation) to support another person, or have parental authority over another member of the family. 18 Cyc. 1397; 12 Am. & Eng. Encl. of Law, p. 90 et seq.; and 15 Am. & Eng. of Law, p. 539 et seq.
Our conclusion is that the judgment appealed from is correct. The evidence does not, in our opinion, justify an increase in the amount of the damages which the plaintiff is condemned to pay, especially as the judgment which the attorneys for the seizing creditors-were employed to.collect is for -a very small sum and had remained dormant nearly eight years.
The judgment appealed from is affirmed, At the cost of the appellant.
MONROE, O. J., dissents.