(78 South. 473)

No. 21262.

W. T. BAKER & CO., Limited, v. DAVIS.

(April 1, 1918.)

*(Syllabus by the Court.)*

HOMESTEAD ☞140 — RIGHT OF SURVIVING HUSBAND OR WIFE—DEPENDENTS.

In order to entitle a surviving spouse, under paragraph 4 of article 244 of the Constitution, to the benefit of a homestead exemption, such spouse must have a father or mother or a person or persons dependent upon him or her for support.

Appeal from Third Judicial District Court, Parish of Bienville; J. E. Reynolds, Special Judge.

Action by W. T. Baker & Co., Limited, against Dave Davis. From a judgment refusing to recognize his homestead exemption, defendant appeals. Affirmed.

W. U. Richardson, of Arcadia, and Wimberly, Reeves & Dormon, of Shreveport, for appellant. Goff & Barnette, of Arcadia, for appellee.

LECHE, J. Defendant appeals from a judgment refusing to recognize him as entitled to a homestead exemption under article 244 of the Constitution. He owns and occupies a small farm, worth between $500 and $800. His wife died several years ago. His children are all grown and living away from him, and he has no one dependent upon him for support, but he claims that, as surviving spouse, he is entitled to the exemption under paragraph 4 of article 244 of the Constitution, which reads as follows:

"The benefit of this exemption may be claimed by the surviving spouse, or minor child or children, of a deceased beneficiary."

In order to recognize defendant's claim, it would be necessary to interpret this clause of the Constitution as meaning that every widow and widower, by the mere fact of once having been married, would forever be entitled to the homestead exemption though no one were dependent upon her or upon him for support. We do not think that the quoted clause, when construed in connection with the first paragraph of article 244, conveys any such meaning; on the contrary, we believe that the surviving spouse must be one having a mother or father or a person or persons dependent upon him or her for support, and that its main purpose is to entitle the surviving spouse, having dependents upon him or upon her, to claim the benefit of homestead on property belonging to the com-

munity and owned by the survivor in indivision with the heirs of the deceased. We held in the case of Tinney v. Vittur, 134 La. 551, 552, 64 South. 407, that a surviving wife, as head of a family, having seven minors dependent upon her for support, was entitled to the exemption. In the case of Milliken & Farwell v. Roger et al., 138 La. 826, 70 South. 848, a surviving husband, having a daughter dependent upon him, was held entitled to the exemption. The right to a homestead exemption was also recognized in favor of a surviving husband in the case of Adams v. McCoy, 140 La. 30, 72 South. 797. In all three of these cases, the property belonged to the community, was held by the survivor in indivision, and could not, as property owned in indivision, under the jurisprudence previous to the Constitution of 1879, where the said paragraph was first adopted, have been held subject to exemption.

On the other hand, in the case (No. 22666) of Whyte v. Grant, Sheriff, et al., 77 South. 643,[1] lately decided, we held that a widow, not having any one dependent upon her for support, was not the head of a family, and not entitled to the homestead exemption.

The judgment appealed from is affirmed.

O'NIELL, J., concurs in the decree.