ROGERS, J.
 

 Mrs. Olivia MeMichael White appeals from a judgment refusing to recognize her claim to a homestead exemption under the provisions of the state Constitution. Appellant is the widow of Cade W. White, Sr., who, at the time of his death, owned and occupied as a homestead, the premises No. 1515 Coty street in the city of Shreveport. This property, which belonged -to the marital community, was sold by the administratrix of White’s succession for the purpose of paying the community debts. Appellant contends that she is entitled to the homestead exemption of $2,000 out of the proceeds of the sale, first, as the surviving spouse, and secondly, because she has a widowed mother partially dependent upon her for support. The court below found that the evidence did not sustain appellant’s second contention, and we think this finding was correct. The important legal question left for determination, therefore, is whether a surviving widow who has no one dependent upon her for support is entitled to the homestead exemption created by the Constitution. The pertinent constitutional provision is the fourth paragraph of article 11, § 1, which declares that the benefit of the homestead exemption may be claimed by the surviving spouse or minor child or children of a deceased beneficiary.
 

 We are referred by the parties litigant to the following cases as bearing on the question at issue, viz.: Thompson v. Succession of Gow, 169 La. 546, 125 So. 588 ; Doucet v. Fontenot, 165 La. 466, 115 So. 655 ; Smith & Sons v. Jenkins, 147 La. 437, 85 So. 68 ; Baker & Co. v. Davis, 143 La. 215, 78 So. 473 ; Whyte v. Grant, 142 La. 822, 77 So. 643 ; Abramson v. Larabee, 140 La. 825, 74 So. 162 ; Adams v. McCoy, 140 La. 26, 72 So. 797 ; Milliken v. Roger, 138 La. 823, 70 So. 848 ; Tinney v. Vittur, 134 La. 549, 64 So. 407 ; and Harrelson v. Webb, 124 La. 1007, 50 So. 833, 134 Am. St. Rep. 529.
 

 All these eases, except Thompson v. Succession of Gow and Doucet v. Fontenot, were decided under the provisions of the Constitution of 1898. But since the fourth paragraph of article 244 of the Constitution of 1898 is couched in the same words as the fourth paragraph of section 1 of article 11 of the-Constitution of 1921, the Cases may be examined ■ for whatever light they. may throw on the present controversy.
 

 In each of the cases of Doucet v. Fontenot, Tinney v. Vittur, and Harrelson v. Webb, the widow claimed and was allowed the homestead exemption in her own right as the head of a family having other persons dependent upon her for support. In Milliken & Farwell v. Roger, a mortgage indebtedness contracted before the death of the wife was held subject to the homestead exemption in favor of the surviving husband having a daughter dependent upon him for support.
 

 In Adams v. McCoy and Abramson v. Larabee, it was not disputed that the claimants were entitled to the homestead exemption as heads of families with dependents. The exemption claimed in the first of these cases was contested on the ground that the claimant was not the sole owner of the property in question; his children, as heirs of their moth-ex-, owning an undivided one-half interest therein. The debt in this case was incurred after the death of the claimant’s wife. In the case secondly referred to, the exemption claimed was opposed solely on the ground
 
 *408
 
 that the claimants (the debtor and his wife) were in possession of means in excess of the homestead exemption. The exemptions claimed were sustained in both eases.
 

 The homestead exemption was claimed in Smith & Sons v. Jenkins against debts of the succession by the surviving widow having dependent minor children. The claim was resisted for the reason only that the claimant had collected as the beneficiary named therein the proceeds of insurance policies on the life of her husband to the amount of $2,500. The court allowed the exemption.
 

 Whyte v. Grant was a case in which the widow of the .deceased, who kept a boarding house, claimed the exemption as the head of a family having a major son dependent upon her for support. ■ The court disallowed the claim because the son was not only self-supporting, but also contributed, in some measure, to the support of his mother.
 

 ' It is plain from what we have said that all the cases commented upon are cases in which the homestead exemption was urged by the claimant in his or her own right as the head of a family with dependents. Hence they have no application to the present issue. The same thing is true of Thompson v. Succession of Gow, although there is an expression in the opinion to the effect that the exemption cannot be claimed by a widow unless she is the head of a family or has dependents. The expression in question was not necessary to the decision in that case. The controversial point presented there was whether a surviving widow with two major daughters physically and mentally sound, but with no means whatever and who looked to their mother alone for a home and support, was entitled to the homestead exemption as the head of a family oías a person having other persons dependent upon her for support. The court held that the claimant was the head of a family, and that by reason thereof as the surviving spouse of her deceased husband was entitled to the benefit of the homestead exemption.
 

 The remaining case of Baker & Co. v. Davis has some points of resemblance to the case in hand. There, as here, the benefit of the exemption was claimed by the claimant on the ground that he was the surviving spouse. But unlike the present case the debt against which the exemption was urged in that case was the personal debt of the claimant and not the debt of the marital community. In other words, the claim was really made by the claimant in his individual and not in his beneficiary right. The court, in reaching its conclusion in the case, stressed the decision in Whyte v. Grant, referred to supra. B.ut in that case Mrs. Whyte claimed the exemption solely as the owner of the property against her personal debt. The claim was made in her own right arid not as the surviving spouse of her deceased husband. . Neither case is authority against the exemption claimed in the present case.
 

 The plain declaration of the constitutional provision is that the homestead exemption may be claimed by the surviving spouse or minor child or children of a deceased beneficiary. 1
 

 It cannot be disputed that the husband of the claimant herein, if he were living, could successfully claim the homestead exemption. Therefore it would be a strained and unnatural construction of the. constitutional declaration to hold that his death deprived his widow, to whom he owed the high moral and legal duty of support, of the benefit of the exemption. The whole theory of the exemption of the homestead is that the obligation of the debtor to those whom he owes the duty to support is a higher obligation than the payment of his debts. The purpose of the framers of the law was to secure
 
 *410
 
 a home beyond the reach of financial misfortune, around which gather the affections of the family; the greatest incentive to virtue, honor, and industry. Hebert v. Mayer, 48 La. Ann. 938, 20 So. 171. This purpose would certainly be defeated if we should hold that the exemption in favor of a husband and father was not transmitted on his death to his widow and children. We cannot so hold. On the contrary, our conclusion is that it is only where a widow seeks to claim the homestead exemption against her own debts that she must do so as the head of a family or have a dependent or dependents; that these conditions are not required when she claims the exemption against debts contracted by her husband or by the marital community-debts against which the husband, himself, could have successfully claimed the exemption; that in such a case the exemption inures to her benefit as the surviving spouse upon the death of her husband, the original beneficiary under the constitutional article.
 

 One of appellee’s contentions is that if the homestead exemption should be recognized it should be made to apply only to the proceeds of the homestead itself, and there should be charged against the claimant a proportion of the. costs of the administration of the succession of her deceased husband. The contention is well founded so far as it involves the limitation of the exemption to the proceeds of the homestead. The contention is not well founded so far as it involves the question of costs.
 

 Costs are creatures of the statutory law and can be assessed only where there is a provision of the law creating them. The law declares that the loser in a lawsuit must pay the costs. Code Prac. arts. 157, 549, 551. This penalty is imposed upon the party cast upon any issue. McCarthy v. Baze, 26 La. Ann. 382 ; Holzab v. R. Co., 38 La. Ann. 185, 58 Am. Rep. 177 ; State v. Judge, 48 La. Ann. 455, 19 So. 256 ; Bartels v. Souchon, 48 La. Ann. 783, 19 So. 941.
 

 In the case before us the contest between the parties is over $2,000 of the proceeds realized from the sale of the appellant’s homestead. The issue has been finally resolved in her favor and the costs follow the judgment.
 

 The policy of the law which exempts the debtor’s homestead is to maintain the homestead intact. If the homestead exceeds $2,000 in value, it may be sold at the instance of a judgment creditor, subject, however, to the claim of the judgment debtor for the amount stated. The intent of the law to preserve the homestead of the debtor up to the sum of $2,000 would be nullified in part, if any portion of this sum could be withheld for costs. The judgment creditor who seeks to execute his judgment against the homestead of his debtor must assume the risk that the property will sell under execution for more than $2,000. Otherwise, he will be compelled to bear the costs of the execution and sale, since it is only out of the surplus remaining after the $2,000 is paid to the homestead claimant that he can obtain the satisfaction of his judgment.
 

 For the reasons assigned, the judgment ap^ pealed from is annulled so far as it sustains the opposition of Tekulski & Freedman, Inc., and rejects the claim of Mrs. Olivia McM. White, widow of the deceased, G. W. White, for a homestead exemption; and it is now ordered that the said opposition be dismissed at the opponent’s cost. It is further ordered that the homestead exemption of $2,000 claimed by Mrs. Olivia McM. White be recognized and enforced out of the proceeds of the sale of the homestead as set forth on the final account of the administratrix of the succession of' C. W. White, which account is ap
 
 *412
 
 proved and homologated and the funds ordered distributed in accordance therewith.
 

 O’NIELL, C. J., concurs on the authority of Smith v. Jenkins, 147 La. 437, 85 So. 68.