of the issues raised by the petition, answer, and plea of estoppel.

The record discloses that defendant did not pay to the plaintiff the current monthly interest on the note as it accrued, but from month to month, upon orders obtained from the court, deposited the interest payments in the registry of the court, to be there held pending final judgment on the merits of the suit, and thereafter payable to the successful litigant. When the sum of the interest payments thus deposited in the registry of the court amounted to $831.25, the plaintiff ruled the defendant into court to show cause why this sum should not be delivered to him. This rule was heard and denied, and plaintiff appealed from that order.

Defendant has moved to dismiss the appeal for three reasons, viz. that this court is without jurisdiction ratione materiæ; that no appeal lies from an interlocutory order that does not work irreparable injury; and that the proper transcript is not lodged in this court.

Whether or not this court may entertain jurisdiction of a matter involving an amount less than $2,000 which grows out of a suit for a much larger sum need not be considered, for the order appealed from is clearly interlocutory, and, as the money involved is in the registry of the court, beyond the power of defendant to divert it from the purpose for which it was deposited, i. e., to be paid over to the successful litigant, the order appealed from cannot injure the plaintiff or affect, in the slightest degree, any legal right he might have to the fund. The authorities on this point are so numerous we merely cite 1 La. Dig. Appeal, § 100, pp. 308, 309.

For the reasons stated, the motion is sustained, and this appeal is dismissed at appellant's cost.

(128 So. 525)

## KINCHEN v. TALBERT.

### No. 30346.

May 5, 1930.

Leslie A. Fitch, of Baton Rouge, for appellant.

Nicholls Pugh, of Springville, for appellee.

LAND, J.

At his death, Edward S. Kinchen left as his sole heirs six children by a first marriage, and ten children, all minors, and a widow in community by a second marriage.

During the existence of the second marriage, Kinchen purchased in the parish of Livingston 60 acres of land, upon which he and his family resided at the time of his death.

A judgment in a sum exceeding $700 was obtained by Wm. D. Talbert against Kinchen for a debt contracted by him during the second marriage.

Talbert was appointed administrator of the succession of Kinchen, and obtained an order for the sale of all of the property of the suc-

cession, including the land and certain movables, to pay debts.

Plaintiff filed a rule on the administrator to show cause why the property of the second community should not be set aside to her, as surviving widow, and to her minor children as a homestead, and declared to be exempt from sale by the administrator to pay the debts of the succession, and particularly the judgment obtained by Talbert against Kinchen.

Judgment was rendered in the lower court declaring the surviving widow and her minor children entitled to a homestead exemption on their thirteen-sixteenths interest in the property, movable and immovable, and ordering the three-sixteenths interest in the property, owned by the major heirs of the first marriage, sold for cash at public auction to the highest bidder. The judgment also canceled a prior order for the sale of all of the property of the succession obtained by the administrator.

Neither the plaintiff nor her minor children own any other property. They reside on and eke out a livelihood from the 60 acres of land which belong to the community formerly existing between the surviving widow and her deceased husband.

The Constitution of 1921, article 11, § 1, expressly provides that the benefit of the homestead exemption "may be claimed by the surviving spouse, or minor child or children, of a deceased beneficiary."

In the recent case of Succession of Cade W. White, Sr., 127 So. 883,[1] we had occasion to

[1] Ante, p. 403.

interpret the above provision of our present Constitution, and to review at length our jurisprudence affecting homestead exemptions. In the case cited, we held that in all cases in which the husband of the claimant, if he were living, could successfully claim the homestead exemption, the right of the husband and father to the exemption is transmitted on his death to his widow and children.

The widow, in such case, does not seek to claim the exemption against her own debts, as the head of a family or because of dependents, but claims such exemption against debts contracted by her husband or by the marital community, debts against which the husband, himself, could have successfully claimed the exemption.

As the husband could have claimed the exemption in the case at bar, the widow and her minor children are clearly entitled to such exemption.

We concur also in the finding of the lower court that the value of the property held subject to the homestead exemption is less than $2,000.

The homestead claimant has not appealed from the judgment rendered in this case, nor has she answered the appeal and prayed for any amendment of the judgment.

The administrator alone has appealed.

We are compelled, therefore, to affirm the judgment as we find it.

Judgment affirmed.