LAND, Justice.
 

 ■ Defendant seeks in the present suit to enjoin the sale of a tract of land with improvements thereon, seized by plaintiff under executory process, on the ground that the same is a homestead and is exempt from seizure and sale under the present Constitution of .the state.
 

 The judgment of the lower court refused the preliminary injunction, as the value of the property exceeded $2,000, recognized defend ant’s claim to homestead exemption, and reserved to him the right to assert his claim therefor out of the proceeds of the sale of the property in the sum of $2,000 net to him, in case the property is sold and brings over .that amount.
 

 From this judgment plaintiff has appealed.
 

 1. Section 1 of article 11 of the Constitution of 1921 provides that: “There shall be exempt from seizure and sale by any process whatever except as herein provided, and without registration, the homestead, bona fide, owned by the debtor and occupied by him, consisting of lands, not exceeding one hundred and sixty acres, buildings and appurtenances, whether rural or urban, of every head of a family, or persón having a mother or father or a person or persons dependent on him or her for support,” etc.
 

 Defendant in this case claims the homestead exemption both on the ground that he. is “the head of a family” and on the ground that.“he has persons dependent .on him for support.”
 

 In the year 1903 or 1904 defendant, A. Carrier, purchased during his marriage a tract of 155 acres of land, situated in the parish of Washington, and has resided on this tract down to the present time.
 

 Of this marriage were born a son and a daughter, Millard and Myrtle Carrier aged, respectively, at the. date of this trial, 33 and 34 years.
 

 Defendant’s wife died. August 17, 1929.
 

 
 *905
 
 During the year 1930, defendant’s two children deeded to him their undivided half-interest in this property, acquired by them as heirs of their deceased mother.
 

 In October, 1930, defendant borrowed from plaintiff bank the sum of $1,815, and granted a special mortgage by authentic act on this property for the purpose of paying off a Federal Land Bank mortgage and other community debts.
 

 The property was seized by plaintiff bank under executory process and advertised for sale, when defendant applied for a writ of injunction to stay the sale.
 

 The evidence in the case fails to establish the contention of defendant that he has persons dependent on him for support.
 

 According to defendant’s own testimony, his daughter, Myrtle, has resided in the city of New Orleans during the last five or six years, and is engaged in general office work with a paper company. Defendant admits that he has not contributed anything to his daughter’s support during this time.
 

 Millard, defendant’s son, testified that he had left home when he was 17 or 18 years old and had made his own living by working at various places.
 

 Millard married some time in the fall or winter before his mother’s death in August, 1929, and resided with his wife at Baton Rouge, La., where he was employed by the Standard Oil Company and was making wages at the rate of 76% cents an hour at the time his mother died.
 

 Millard’s own family consists of his wife and a little son.
 

 At no time, since Millard left home at the age of 17 or 18 years, does defendant pretend that his son has been dependent on him for support.
 

 The true fact of the case is that defendant was left alone at his home by the death of his wife, and his son returned immediately thereafter, through a sense of filial duty and affection, and not because he was dependent on his father for support.
 

 The daughter remained in New Orleans.
 

 Our conclusion is that defendant is hot entitled to claim homestead exemption on the ground that his son and daughter are dependent on him for support. . ■ '
 

 2. Nor are we of the opinion, under the facts of this particular ease, that defendant as father is “the head of a family” in the Sense of that term as used in section 1 of article 11 of the Constitution of 1921, providing for homestead exemptions.
 

 As defined in paragraph 12 of article 3556 of the Civil Code:
 

 “Family in a limited sense, signifies the father, mother and children. In á more extensive sense, it comprehends all the individuals
 
 who live under the authority of another,
 
 and includes the servants of the father of family.
 

 “It is also employed to signify all the relations who descend from a common root.”
 

 Manifestly, the framers of the Constitution, who are presumed to be familiar with the definition of “family” as given in the Code, did not intend to allow a homestead exemption to a father, “as the head of a family,” merely because he may have children or
 
 *907
 
 grandchildren who had become of age, and had left the paternal roof, or who had married and established homes of their own.
 

 A limit must necessarily be set to the claim of homestead exemption by a father “as the head of a family,” and such exemption cannot be reasonably permitted to extend “to all the relations who descend from a common root”
 

 In discussing the constitutional reason for a homestead exemption, this court said in Hebert v. Mayer, 48 La. Ann. 939, 20 So. 170, 171:
 

 “The purpose, evidently, was to secure a ‘home’ beyond the reach of financial misfortune, around which gather the affections of the family, — the greatest incentive to virtue, honor, and industry.”
 

 The word “family,” as used in the above quotation, necessarily signifies the mother and the children “who live under the authority of the father,” as the head of the family.
 

 Neither the son nor the daughter of defendant is subject to parental authority or control in this -case. The son and his family may move away from the paternal roof whenever he so desires. The daughter is of full age, is employed in the city of New Orleans, and has established there a home of her own.
 

 Our conclusion is that defendant is not entitled to the homestead exemption claimed by him in the present case.
 

 It is therefore ordered that the judgment appealed from be annulled and reversed.
 

 It is now ordered that defendant’s claim to homestead exemption be denied, that the preliminary injunction applied for by defendant to stay the sale of the property herein seized be refused, and that defendant pay all costs of appeal and of the lower court.