LAND, Justice.
 

 The Prudential Insurance Company, as the holder of a first mortgage on the home of Clarence E. Slagle, deceased, and his wife, Mrs. Mabel Chauvin Slagle, foreclosed on the property, which was adjudicated for the sum of $20,500 to Frost Lumber Industries, Inc., the holder of a second mortgage in the sum of $40,000.
 

 The homestead exemption was waived by Clarence E. Slagle and his wife in the first act of mortgage, but not in the second.
 

 The sheriff paid over to the first mortgagee $16,580.02, in settlement of its indebtedness, leaving in his hands a balance of $3,919.98, the excess over and above the first mortgage.
 

 Mrs. Mabel Chauvin Slagle, as the surviving spouse of her husband, the deceased beneficiary, claims a homestead exemption of $2,000 out of the proceeds remaining in the hands of the sheriff, and this claim is contested by Frost Lumber Industries, Inc., intervener and third opponent.
 

 Judgment was rendered in the court below rejecting the demand of Mrs. Mabel Chauvin Slagle at her costs, and recognizing the intervener and third opponent as the holder and owner of the mortgage and privilege next in rank to that of the Prudential Insurance Company, in the full sum of $40,000, with 6 per cent, per annum interest from November 4, 1931, until paid, and as such entitled to the excess proceeds in the hands of the sheriff of the judicial sale made herein, and ordering that officer to turn over and pay same to the intervener and third opponent.
 

 From this judgment, Mrs. Mabel Chauvin Slagle has appealed.
 

 (1) Mrs. Slagle claims the benefit of the homestead exemption in this case under article 11, § 1, paragraph 4 of the Constitution of 1921.
 

 Section 1, par. 1, of article 11 provides a homestead exemption, to the value of $2,000, for “every head of a family, or person having a mother or father or a person or persons dependent on him or her for support.”
 

 Paragraph 2 of that section and article reads as follows: “Provided, that in case the homestead exceeds two thousand dollars in value, the beneficiary shall be entitled to that amount in case a sale of the homestead under legal process realizes more than that sum.”
 

 Paragraph 3 of that section and article declares that “From the benefit of homesteads allowed to husbands there shall be deducted the value of property or means owned and enjoyed by the wife.”
 

 
 *559
 
 Paragraph 4 of that section and article provides that “The benefit of this exemption may be claimed by the surviving spouse, or minor child or children, of a deceased beneficiary.”
 

 It is admitted in the agreed statemenl. of facts filed in this case “that Clarence E. Slagle died February 18, 1934. That Mrs. Mabel Slagle is his surviving widow, and that she has no dependents whatever— child, children, dependent father or mother, or any other persons whatsoever dependent upon her for support, or to whom she owes any moral or natural obligation to support, and that she is in no sense the head of a family!”
 

 It is further admitted in the agreed statement of facts “that Mrs. Mabel Slagle owns in her own right, as her separate property, jewelry and household furniture and furnishings in excess of Six Thousand Dollars ($6,000.00), and that at the sale on June 9th that counsel of record for Mrs. Mabel Slagle bid the sum of Twenty Thousand Dollars for this property without disclosing for whom he was bidding.”
 

 Mrs. Mabel Slagle is not claiming the homestead exemption in this case in her own right, as the head of a family having other persons dependent upon her for support.
 

 Nor does she seek, as widow, to claim the homestead exemption against her own debts, as the head of a family or as having a dependent or dependents.
 

 But she claims, as surviving spouse, the exemption against debts contracted by her husband or by the marital community, against which the husband, himself, could not have successfully claimed the exemption, for the reason that the value of the property owned by her is in excess of the homestead exemption of $2,000; and, if it were less, its value would have to be deducted “from the benefit of the homesteads allowed to husbands” under the express provisions of paragraph 3, § 1, article 11 of the present Constitution.
 

 The issue here involved is no longer'an open question in the jurisprudence of this state.
 

 After reviewing all the prior jurisprudence, it was held in the Succession of White, 170 La. 403, 404, 127 So. 883, that a surviving widow without dependents was entitled to claim the constitutional homestead exemption, where the husband could have
 
 successfully
 
 claimed the exemption.
 

 The essential point in that decision is that the exemption in favor of a husband and father is
 
 transmitted
 
 on his death to his widow and children, under paragraph 4, section 1, article 11 of the present Constitution, which provides that “The benefit of this exemption may be claimed by the surviving spouse,, or minor child or children, of a
 
 deceased
 
 beneficiary.” (Italics ours.)
 

 In the instant case, if Clarence E. Slagle, the husband, were living, he could not successfully claim the exemption, as his widow owns- property in her own right of a value in excess of $6,000. Therefore,
 
 *561
 
 Mrs. Mabel Slagle, his surviving spouse, cannot do so under the beneficiary right transmitted to her by her deceased husband.
 

 Judgment affirmed.