38 So.2d 226

**HARRELL v. CROW et al.**

No. 38339.

Dec. 13, 1948.

Dhu Thompson, of Monroe, for defendants-appellants.

Anders & Anders, of Winnsboro, for plaintiff-appellee.

HAWTHORNE, Justice.

In the instant suit plaintiff-appellee, Mrs. Johnnie Jessana Raburn Harrell, seeks an injunction restraining and enjoining the defendants-appellants, Mrs. Viola Crow and Clint Harrell, from proceeding any further in a suit to foreclose a mortgage by executory process, and the sheriff of Caldwell Parish from selling her undivided one-half interest in a tract of land described in the mortgage, situated in that parish, containing approximately 145 acres, which belonged to the community which had existed between plaintiff-appellee and her deceased husband, J. N. Harrell.

In a separate suit appellants herein, Clint Harrell and Mrs. Viola Crow, had applied for, and secured, an order of executory process, alleging in their petition that the deceased J. N. Harrell was indebted to them in the sum of $2000.00, as evidenced by a promissory note for the same amount, secured by a mortgage executed by the deceased on the above mentioned 145 acres of land, and that they were bona fide holders and owners for value and before maturity of this note. The foreclosure of this mortgage was by executory process which plaintiff herein now seeks to enjoin insofar as it operates against her undivided one-half interest in the property.

In the present suit Mrs. Johnnie Jessana Raburn Harrell, as a basis for the injunctive relief prayed for, alleges that the $2000.00 note secured by the mortgage was executed by her deceased husband as a shield and screen against his creditors, who were threatening him with various lawsuits, and that it was not a valid or bona fide transaction; that there was no consideration for the $2000.00 note; that it was obtained by the plaintiffs in the executory proceedings at a time when the deceased was mentally incompetent; that they held the note without any right or title whatsoever and without consideration of any kind, and, further, that the note did not represent an obligation of the community which existed between her and her deceased husband.

In the alternative plaintiff alleges that, in the event the court should deny to her injunctive relief, she, as surviving spouse of a deceased beneficiary, is entitled to the benefits of the homestead exemption provided for in Section 1 of Article 11 of the Louisiana Constitution of 1921, as amended.

After trial on the merits the district court rendered judgment denying plaintiff's

demand for an injunction, and ordering and decreeing that the right of plaintiff to a homestead exemption on the property seized under the executory process be recognized, and further decreeing that the sale of the property should be null unless the property brought in excess of $4000.00, and that, in the event it brought in excess of that sum, the sum of $4000.00 be paid to plaintiff, Mrs. Harrell, in settlement of her homestead claim without the deduction of any costs.

From this judgment defendants have appealed, contending in this court that the lower court erred in recognizing the homestead claim of Mrs. Harrell and in establishing and fixing her right thereunder.

Plaintiff-appellee, Mrs. Harrell, reiterating her arguments made in the lower court, has answered the appeal, urging that that court was in error only insofar as it denied her injunctive relief. She further pleads the prescription of four and 10 years against the claim of defendants, but evidently this plea has been abandoned, as no mention is made of it in her brief, nor does she advance any argument or cite any authority in support thereof.

J. N. Harrell was married twice. Appellants, Clint Harrell and Mrs. Viola Crow, are children of his first marriage. Harrell married plaintiff-appellee, his second wife, on December 12, 1901, and they lived together until his death in June, 1944. The property described in the mortgage which defendants-appellants are seeking to have foreclosed was acquired by their father, J.

N. Harrell, according to the testimony, in the fall of 1926, during his second marriage, and belonged to the community of acquets and gains which existed between him and his second wife.

Our examination of the testimony and evidence adduced at the trial in the lower court convinces us that there is no merit in plaintiff's contention that there was no consideration for the $2000.00 note and that the execution of the note and mortgage was not a valid and bona fide transaction, or in her allegation that the deceased mortgagor was mentally incompetent and that these defendants had no right or title to the note.

On the other hand, the record conclusively shows that the $2000.00 note dated October 5, 1938, secured by the mortgage which these defendants are seeking to foreclose, was delivered to them under instructions of their father sometime in 1943 for the sole purpose of repaying and reimbursing them for funds of theirs used and expended by their father with their consent. The defendants inherited from their mother an undivided one-half interest in certain real property situated in the Parish of Union, which had belonged to the community of the first marriage. Subsequent to their father's second marriage, oil and gas leases were granted covering this land, timber was sold therefrom, and in due course the land itself was sold. The proceeds of these various transactions, including delay rentals paid under the leases granted, were retained by defendants' father, and the $2000.00

note represented the father's indebtedness to these children as a result of these transactions.

■ Appellee contends that the lower court erred in refusing to enjoin the sale of her undivided one-half interest in the property, averring that the note does not represent an obligation of the community which existed between her and her deceased husband. There is no merit in this contention under the pronouncement in Succession of Waechter, 131 La. 505, 59 So. 918, 920, as follows:

" 'Money belonging to a child of the father by former marriage, received by him during the second marriage, is a debt of the second community, and it bears interest from the date at which it was so received, and such community is liable for both the principal and interest of the debt.' " See also Succession of Boyer, 36 La.Ann. 506. Appellee has not cited or called to our attention any pronouncement of this court contrary to the rule quoted above.

■ Prior to the execution of the $2000.-00 note and until the death of J. N. Harrell, he and his second wife actually lived and resided on the property described in the mortgage which defendants are seeking to foreclose, and his surviving spouse continued to make this property her home. Without question the debtor, J. N. Harrell, could have claimed, and under such claim have been entitled to, the homestead exemption under Article 11, Section 1, of our Constitution against the debt evidenced by the $2000.00 note, for the reason that under the testimony and evidence he came squarely within the provisions of this article. His surviving spouse is also entitled to the benefit of the homestead exemption, as the third paragraph of the article provides that: "The benefit of this exemption may be claimed by the surviving spouse, or minor child or children, of a deceased beneficiary." This court in Succession of White, 170 La. 403, 127 So. 883, 884, in discussing this provision of the Constitution said:

"It cannot be disputed that the husband of the claimant herein, if he were living, could successfully claim the homestead exemption. Therefore it would be a strained and unnatural construction of the constitutional declaration to hold that his death deprived his widow, to whom he owed the high moral and legal duty of support, of the benefit of the exemption. The whole theory of the exemption of the homestead is that the obligation of the debtor to those whom he owes the duty to support is a higher obligation than the payment of his debts. The purpose of the framers of the law was to secure a home beyond the reach of financial misfortune, around which gather the affections of the family; the greatest incentive to virtue, honor, and industry. Hebert v. Mayer, 48 La.Ann. 938, 20 So. [170] 171. This purpose would certainly be defeated if we should hold that the exemption in favor of a husband and father was not transmitted on his death to his widow and children. We cannot so hold. On the contrary, our con-

clusion is that it is only where a widow seeks to claim the homestead exemption against her own debts that she must do so as the head of a family or have a dependent or dependents; that these conditions are not required when she claims the exemption against debts contracted by her husband or by the marital community-debts against which the husband, himself, could have successfully claimed the exemption; that in such a case the exemption inures to her benefit as the surviving spouse upon the death of her husband, the original beneficiary under the constitutional article."

The second paragraph of Article 11, Section 1, reads as follows:

"Provided, that in case the homestead exceeds four thousand dollars ($4,000.00) in value, the beneficiary shall be entitled to that amount in case a sale of the homestead under legal process realizes more than that sum; if the sale does not realize more than that sum, over and above all costs and expenses, said sale shall be null and void."

The judgment of the lower court recognizing Mrs. Harrell's homestead claim and establishing and fixing her rights thereunder is therefore correct.

The defendants-appellants urge that the affirmance of the decision of the district court recognizing the homestead right of the widow as to the whole property will violate the rights of appellants as heirs of their father to their one-half interest in the property. This contention is without merit for the reason that the appellants appear before

us in this proceeding only as creditors of the second community, and not as heirs of their father. Our decision herein merely recognizes the surviving spouse's right to claim, and be allowed, the homestead exemption against the community debt which these appellants are seeking to collect, and cannot in any manner affect the right or interest of the appellants, whatever it may be, as heirs of their father in the property or the proceeds therefrom, since that right or interest is not at issue herein.

For the reasons assigned, the judgment appealed from is affirmed; appellants to pay all costs.