AYRES, Judge.
Plaintiff instituted this action to recover of the defendant $391.46, which amount was allegedly due because of defendant’s failure to comply with obligations assumed by him under a contract of assignment.
From a judgment in defendant’s favor, plaintiff appealed.
The facts as established by the record, briefly stated, are as follows:
Defendant as the owner of a lot situated in Rapides Parish, Louisiana, by written contract dated April 28, 1953, contracted with one Leo L. Beck to build and construct a brick veneer residence, according to plans and specifications annexed thereto, for a consideration of $7,600 to be paid to the said Leo L. Beck “upon the completion of the said building”. Subsequently, on May 8, 1953, plaintiff, Builders Lumber & Supply Company, procured a judgment against Beck in the principal sum of $999.40, the balance due on which as of June 6y 1953, .was $611.46, on which date Beck assigned unto the said Builders Lumber & Supply Company until said indebtedness shall have been paid in full “any and all monies and other remuneration which might now or hereafter be due, owing and payable to him by Byrne Wilson” under the aforesaid building contract “as they might and shall become due and payable to the said L. L. Beck”. It was further provided, however, that Beck was to be permitted to retain the sum of $30 per week, which was excluded from the assignment. Wilson acknowledged notice of said assignment and consented and agreed thereto.
Beck was unable to carry out his contract with Wilson, or to buy the materials therefor or to pay the labor, without financial assistance. Accordingly, an agreement was entered into between him and Martin Building Materials Company, Inc., whereby the latter was to finance the construction under said contract by furnishing the materials therefor and the funds for the labor pay rolls. For its own security, the Martin Building Materials Company, Inc., required a mortgage from Wilson on the property proposed to be improved. This arrangement was referred to as an interim financial agreement. The eventual payment for the construction was to be made by the Rapides Bank & Trust Company, pursuant to a mortgage to be executed under the provisions of an F. H. A. commitment.
Beck began the performance of his contract with materials and funds furnished and/or provided by Martin Building Materials Company, Inc. During this time two checks of the Martin Company, made payable to Beck and Wilson in an aggregate amount of $220, were delivered to plaintiff in accordance with the assignment, and the indebtedness was accordingly reduced to the amount herein claimed.
However, Beck failed to complete the residence and defaulted in his contract, after which he left the State. The owner, *849 Wilson, then proceeded with financial support from the Martin Building Materials Company, Inc., to complete the construction of the residence, following which the loan as originally contemplated was obtained from the Rapides Bank & Trust Company, the proceeds of which were delivered to the Martin company in payment of the materials and funds furnished and provided by it. According to the record, the Martin company expended $7,472.36 for labor and materials on this project, plus an unspecified amount for • interest charges. It was only with the assistance of the Martin company that Beck undertook this work. After he defaulted it was necessary that Wilson undertake the completion of the improvements as contracted by Beck. The Martin company, by reason of its previous advances and the materials already furnished, likewise had an interest in seeing that the work was completed and that the F. H. A. loan eventually be obtained.
It is not shown that Beck received anything out of the cash advances other than that to which he was entitled under the terms of the assignment. In the absence of such a showing, it appears to have been established that the entire payments and advances were for the payment of labor. Neither is there any showing that Wilson is indebted unto Beck for any particular amount as representing the value of Beck’s services, in partially executing his contract, nor was such plaintiff’s contention. Although the record does not show Wilson received anything for his services in com--pleting the contract, it is established that-the amount expended for materials and the labor of others as well as other incidental expenses practically consumed the entire contract price.
The details of the financial arrangements and expenditures were in the possession of Martin Building Materials Company, Inc., a third person so far as the defendant, Byrne Wilson, is concerned, and the information contained in its records was not therefore particularly and peculiarly within the knowledge and possession of the defendant. Hence, the bur-den was upon the plaintiff to establish that Beck was due funds under .the contract which he has never received or that he received funds under the contract which should have been paid to plaintiff under the assignment, and not upon defendant to prove the contrary. The record fails to support either of these propositions. By the very terms of the contract Beck was to be paid the price thereof “upon the completion of the said building”. It is conceded that he defaulted; he never completed the ' contract. , Whatever amount may have been due Beck would necessarily be upon a quantum rperuit basis, the proof of which is totally lacking.
We find no manifest error in the judgment appealed and, accordingly, it is affirmed at appellant’s cost.
Affirmed.