FRUGÉ, Presiding Judge.
Robert Vaughn, defendant-appellee, seeks in the present suit to enjoin the sale of a tract of land with improvements thereon, seized by Engstrom’s of Alexandria, Inc., plaintiff-appellant, on the ground that the property is a homestead and he is exempt from seizure and sale under the present state constitution. From an order prohibiting the sale of the aforesaid property for less than $4,000 (the amount of the homestead exemption) the plaintiff has appealed.
On December 20, 1960, a judgment was rendered in the instant case in favor of plaintiff and against defendant in the sum of $210.68, together with interest at the rate of 8% per annum from December 3, 1960 until paid, and 25% of the aggregate principal and interest due as attorney’s fees. Thereafter a Writ of Fieri Facias was issued by the clerk of the trial court to the marshal of the said court, ordering him to seize and sell defendant’s property. Prior to the sale of said property, defendant intervened in this suit in order to assert the homestead exemption. The trial court entered an order prohibiting the sale of aforesaid property for less than $4,000, the amount of the homestead exemption.
The petition in which Vaughn sought in-junctive relief stated:
“That said property was acquired in community with Priscillia W. Vaughn, deceased wife of petitioner, in Probate Proceeding No. 9157 of the Ninth Judicial District Court of Rapides Parish, Louisiana, in which Robert Vaughn was recognized as the sole heir of his deceased wife.” (Emphasis added.)
In order to defeat the seizure and sale, defendant seeks to assert the homestead exemption granted by Article 11, Section 1 of the Louisiana Constitution of 1921, LSA, which reads as follows:
“Section 1. There shall be exempt from seizure and sale by any process whatever, except as hereinafter provided, the homestead, bona fide, owned by the debtor and occupied by him, consisting of lands, not exceeding one hundred and sixty (160) acres, buildings and appurtenances, whether rural or urban, of every head of a family, or person having a mother or father or a person or persons dependent on him or her for support; * * * to the total value of not more than Four Thousand Dollars ($4,000.00).
*674 “Provided, that in the case the homestead exceeds Four Thousand Dollars ($4,000.00) in value, the beneficiary shall be entitled to that amount in case of a sale of the homestead under legal process realizes more than that sum; if the sale does not realize more than that sum, over and above all cost and expenses, said sale shall be null and void.
“The benefit of this exemption may be claimed by the surviving spouse, or minor child or children, of a deceased beneficiary. (As amended Acts 1932, No. 142, adopted Nov. 8, 1932; Acts 1938, No. 42, adopted Nov. 8, 1938.)”
In alluding to the policy of this state in regards to the homestead exemption, the Court in Cloud v. Cloud, La.App., 127 So.2d 560 stated:
“The homestead exemption is a law of public policy of this state, the object of which ‘is to secure a home beyond the reach of financial misfortune, around which gathers the affection of the family, the greatest incentive to virtue, to honor, and to industry’. [Citations omitted], on the theory that the protection of the family is of at least as paramount importance to the state as the payment of debts. Lafayette Building Association v. Spofford, 221 La. 549, 59 So.2d 880; Hammond State Bank & Trust Co. v. Broderick, 179 La. 693, 154 So. 739; Garner v. Freeman, 118 La. 184, 42 So. 767; Hebert v. Mayer, 48 La.Ann. 938, 20 So. 170. As these cases indicate, the homestead exemption is therefore liberally construed in favor of the homesteader. See In re Vincent, D.C.W.D.La.1928, 28 F.2d 396.
“This constitutional exemption, founded on the public policy of this state, is enacted not so much for the protection of the husband as for that of the dependent members of his family; * *
“On the other hand, as stated by Mr. (now Chief) Justice Fournet in Acosta v. Whitney Nat. Bank, 214 La. 700, 38 So.2d 391, at pages 392-393:
“ ‘The provisions of Section 1 of Article XI of the Constitution of 1921 granting to every head of a family the right to have exempt from seizure and sale the homestead, is not self-operative. That right can only be successfully claimed upon proper showing that the debtor is the head of a family or <a person having a mother or father or person or persons dependent upon him or her for support and that the property is bona fide owned and occupied by him as such, provided that the sale does not exceed the value fixed in the constitution * * *, in which case the beneficiary is entitled to its value in cash. [Citations omitted] ’ ” (Emphasis added)
The debt upon which petitioner sued, and thereafter obtained judgment, was created solely by defendant. It appears that at the time of the aforesaid debt, defendant was the sole owner of the property which plaintiff attempted to seize, having already been recognized as his wife’s sole heir. In order to assert the homestead exemption successfully, the person entitled to do so, must claim it as: (1) “a head of a family,” or (2) “a person having another person or persons dependent upon him or her for support”. The last paragraph of Section 1 of the aforesaid article granting the homestead exemption, provides that the surviving “spouse” of the deceased beneficiary to this homestead exemption may assert the claim in the event of course, that the beneficiary is deceased.
The last paragraph of the aforesaid Section 1 has been interpreted several times. It appears that defendant seeks to rest his case on the Succession of White, 170 La. 403, 127 So. 883; in that case the husband was deceased, leaving his widow on the property which she sought to have ex *675 empted. The White case, supra, stands primarily for the proposition that surviving widow of a beneficiary to the homestead exemption, who has no one dependent upon her for support, is entitled to assert the homestead exemption in default of her deceased husband against debts created by him. We are of the opinion that the White case, supra, is not applicable to the instant case. In Wood v. Mason, 198 La. 1, 3 So.2d 256, property was seized which had been bona fidely owned and occupied by the defendant Mason and his wife; after the death of Mason’s wife the property was occupied by Mason and Jim Charles, a cripple who was dependent on Mason for support. In reversing the judgment of the lower court enjoining the sale of defendant’s property, our Supreme Court discussed the White case, supra, and stated:
“Section 1 of Article XI of the Constitution of 1921 provides that: ‘There shall be exempt from seizure and sale by any process whatever except as herein provided, and without registration, the homestead, bona fide, owned by the debtor and occupied by him, consisting of lands, not exceeding one hundred and sixty acres, buildings and appurtenances, whether rural or urban, of every head of a family, or person having a mother or father or a person or persons dependent on him or her for support * * * to the value of two thousand dollars [this amount was increased to $4,000 by Act No. 42 of 1938, adopted November 8, 1938], * * * The benefit of this exemption may be claimed by the surviving spouse, or minor child or children, of a deceased beneficiary.’
“The trial judge ruled that under the holding of this court in the case of Prudential Ins. Co. of America v. Guillory, 175 La. 1058, 145 So. 6, Mason did not have anyone dependent upon him for support within the meaning and contemplation of the constitution and, consequently, he was not entitled to the exemption of a homestead on that ground but that he was entitled to the same as the surviving spouse under the express provisions of the above section of the constitution according to the opinion of this court in the case of Succession of White, 170 La. 403, 127 So. 883.
“In the White case this court, deciding ‘whether a surviving widow who has no one dependent upon her for support is entitled to the homestead exemption created by the Constitution,’ reviewed carefully and analyzed all of the cases on the subject matter, differentiating the case under consideration from the court’s holding in the case of W. T. Baker & Co., Ltd., v. Davis, 143 La. 215, 78 So. 473, where we affirmed the judgment of the lower court refusing to grant Davis the exemption claimed by him as surviving spouse for the reason that he had no one dependent upon him, saying that in the Davis case ‘unlike the present case [White case] the debt against which the exemption was urged in that case [Davis case] was the personal debt of the claimant and not the debt of the marital community,’ and concluding ‘that it is only where a widow seeks to claim the homestead exemption against her own debts that she must do so as the head of a family or have a dependent or dependents; that these conditions are not required when she claims the exemption against debts contracted by her husband or by the marital community-debts against which the husband, himself, could have successfully claimed the exemption; that in such a case the exemption inures to her benefits as the surviving spotise upon the death of her husband, the original beneficiary under the constitutional article.’ [Brackets and italics are those of the Supreme Court.]
“The theory of the homestead exemption as stated in the White case to be ‘that the obligation of the debtor *676 to those whom he owes the duty to support is a higher obligation than the payment of his debts. The purpose of the framers of the law was to secure a home beyond the reach of financial misfortune, around which gather the affections of the family; the greatest incentive to virtue, honor, and industry. * * * This purpose would certainly be defeated if we should hold that the exemption in favor of a husband and father was not transmitted on his death to his widow and children.’
“Under the express provisions of the Revised Civil Code, Article 1013, when Mason accepted the succession of his wife unconditionally, he became bound for the ‘payment of all debts of the succession, not only out of the effects which have fallen to him from the succession, but even personally, and out of his own property, as if he had himself contracted the debts or as if he was the deceased himself * *
“It is our opinion, therefore, that the doctrine of the Davis case is applicable and controlling here, and not that of the Succession of White, and that the trial judge erred in his decree exempting the property seized and enjoining the sale of the same.”
In Washington Bank & Trust Company v. Carrier, 178 La. 902, 152 So. 560, the facts were similar to the instant case. In the Carrier case, supra, defendant was a widower without legal dependents. (In the Carrier case unlike the instant case, the widower had a son and daughter, however these two children were not dependent upon him.) In ordering that defendant’s claim to homestead exemption be denied and that the preliminary injunction applied for by defendant to stay the sale of his property be refused, the court stated:
“The true fact of the case is that defendant was left alone at his home by the death of his wife, and his son returned immediately thereafter, through a sense of filial duty and affection, and not because he was dependent on his father for support.
“The daughter remained in New Orleans.
“Our conclusion is that defendant is not entitled to claim homestead exemption on the ground that his son and daughter are dependent on him for support.
“Nor are we of the opinion, under the facts of this particular case, that defendant as father is ‘the head of a family’ in the sense of that term as used in section 1 of article 11 of the Constitution of 1921, providing for homestead exemptions.
“As defined in paragraph 12 of article 3556 of the Civil Code:
“ ‘Family in a limited sense, signifies the father, mother and children. In a more extensive sense, it comprehends all the individuals who live under the authority of another, and includes the servants of the father of family.
“ ‘It is also employed to signify all the relations who descend from a common root.’
“Manifestly, the framers of the Constitution, who are presumed to be familiar with the definition of ‘family’ as given in the Code, did not intend to allow a homestead exemption to a father, ‘as the head of a family,’ merely because he may have children or grandchildren who had become of age, and had left the paternal roof, or who had married and established homes of their own.
“A limit must necessarily be set to the claim of homestead exemption by a father ‘as the head of a family,’ and such exemption cannot be reasonably permitted to extend ‘to all the relations who descend from a common root.’
*677 “In discussing the constitutional reason for a homestead exemption, this court said in Hebert v. Mayer, 48 La.Ann. 939, 20 So. 170, 171: ‘The purpose, evidently, was to secure a “home” beyond the reach of financial misfortune, around which gather the affections of the family, — the greatest incentive to virtue, honor, and industry.’
“The word ‘family,’ as used in the above quotation, necessarily signifies the mother and children ‘who live under the authority of the father,’ as the head of the family.”
Four indespensable conditions for a debtor to combine in himself in order to claim exemption of property as a homestead, viz.:
(1) He must be the bona-fide owner of the land;
(2) He must occupy the premises as a residence;
(3) He must have a family or person or persons dependent on him for support;
(4) And the property must not exceed in value $4000 (formerly $2,000).
See Denis v. Gayle, 40 La.Ann. 286, 4 So. 3; Brantley v. Pruitt, 175 La. 879, 144 So. 604; Builders Lumber & Supply Company v. Wilson, La.App., 84 So.2d 847.
It is likewise true that a surviving husband of a deceased wife, being the owner of property, having no one dependent upon him for support, not being the head of a family, is not entitled to claim the homestead exemption granted by Article 11, Section 1, as against his own debts. See Metcalfe v. Alter, Man.Unrep.Cas. 338; W. T. Baker and Co., Ltd., v. Davis, 143 La. 215, 78 So. 473; Succession of White, 170 La. 403, 127 So. 883; Planters Bank and Trust Company v. Sabant, 172 La. 464, 134 So. 394; Kinchen v. Talbert, 170 La. 590, 128 So. 525; Washington Bank and Trust Company v. Carrier, 178 La. 902, 152 So. 560; Prudential Insurance Company v. Slagle, 184 La. 556, 166 So. 673; Builders Lumber & Supply Company v. Wilson, La.App., 84 So.2d 847; Wood v. Mason, 198 La. 1, 3 So.2d 256; Cloud v. Cloud, La.App., 127 So.2d 560.
The judgment appealed from is therefore annulled, and reversed, and set aside, and this matter is remanded for further proceedings not inconsistent with the views expressed herein. All costs of these proceedings and of this appeal are assessed against defendant-appellee.
Reversed and remanded.
On Application for Rehearing.
En Banc. Rehearing denied.